COMMONWEALTH *vs.* WILLIAM WALLACE.

In an indictment on the Gen. Sts. *c.* 161, § 61, which avers in one count that the defendant removed and concealed, and aided and abetted in removing and concealing, mortgaged personal property, with a fraudulent intent to place it beyond the control of the mortgagee, the averment of aiding and abetting is superfluous; and no evidence can be introduced or conviction had on such an indictment, which would not be competent if that averment were omitted.

INDICTMENT on the Gen. Sts. *c.* 161, § 61, averring that the defendant, at Northborough, mortgaged certain personal property

to Nathaniel H. Clark on July 9, 1869, and on April 6, 1870, the mortgage being in full force and Clark being its owner and holder, "did then and there wilfully, knowingly and fraudulently remove and conceal, and aid and abet in removing and concealing, said mortgaged personal property, with a fraudulent intent then and there to place the same beyond the control of the said Clark, the mortgagee aforesaid, and with intent then and there to cheat and defraud him."

After a verdict of guilty in the superior court, the defendant moved to arrest judgment on the ground that the indictment attempted to charge two offences in one count. Pending the motion, the district attorney entered a *nolle prosequi* " as to the aiding and abetting charged in the indictment," against the objection of the defendant, who thereupon contended that no judgment could be rendered on the verdict. The motion was then overruled, and judgment ordered on the verdict, by *Pitman*, J.; and the defendant alleged exceptions.

*H. B. Staples*, (*F. P. Goulding* with him,) for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

GRAY, J. The objection to the right of the attorney for the Commonwealth to enter a *nolle prosequi* as to the whole or any part of an indictment was properly abandoned at the argument as untenable. *Commonwealth* v. *Briggs*, 7 Pick. 177. *Commonwealth* v. *Tuck*, 20 Pick. 356. *Commonwealth* v. *Smith*, 98 Mass. 10. *Jennings* v. *Commonwealth*, 105 Mass. 586.

It is contended that, as the indictment in a single count alleges both that the defendant removed and concealed, and that he aided and abetted in removing and concealing, the mortgaged property; and as either of these allegations was sufficient, with the other allegations of the indictment, to constitute the offence charged, and to warrant a conviction, under the Gen. Sts. *c.* 161, § 61; the jury may have found the defendant guilty, not upon the ground that he himself removed and concealed the property, but on the ground that he aided and abetted some other person in removing or concealing it; and that to sentence him upon the indictment, after the entry of a *nolle prosequi* as to the second allegation, would therefore be to punish him for an act of

which it does not appear that he has been found guilty by the jury.

But we are of opinion that there is a conclusive answer to this objection. The offence charged, not being punishable by death or imprisonment in the state prison, is not a felony, but a misdemeanor. Gen. Sts. *c.* 168, § 1. Even in felony, a person who is present aiding and abetting in the commission of the crime by another, and is thus a principal in the second degree, may be convicted upon an indictment charging him with having committed the crime. *Commonwealth* v. *Knapp*, 9 Pick. 496. *Commonwealth* v. *Chapman*, 11 Cush. 422. And perhaps, under the Gen. Sts. *c.* 168, § 4, he may be charged in the same manner, if he is not present at the actual commission of the crime, but is only an accessory before the fact. *Commonwealth* v. *Ray*, 3 Gray, 441, 448. *Regina* v. *Manning*, 2 C. & K. 887, 903. However that may be, in misdemeanors there are no degrees, and no distinction between principals and accessories before the fact; but all who participate in the commission of the offence are principals, and may be charged in the indictment as such. *Commonwealth* v. *Ray*, above cited. *Commonwealth* v. *Gannett*, 1 Allen, 7. *Regina* v. *Clayton*, 1 C. & K. 128. *Regina* v. *Greenwood*, 2 Denison, 453. 1 Stark. Crim. Pl. (2d ed.) 81. The statute upon which this indictment is framed does but affirm this rule of the common law. The allegation in the indictment of aiding and abetting was superfluous, and no evidence could have been admitted, or conviction had, by reason of that allegation, which would not have been competent if it had been omitted. The defendant might have been found guilty and sentenced under the charge that he received and concealed the property, upon proof that he merely aided and abetted in so doing. *Exceptions overruled.*