## COMMONWEALTH *vs.* MICHAEL HAHER.

Under a complaint alleging that upon a specified day a person kept intoxicating liquor with intent to sell the same in violation of law, evidence of his acts upon a prior day in the place where the liquors were kept, is admissible to show that upon the day specified he was the person keeping them.

COMPLAINT charging that the defendant August 16, 1873, kept intoxicating liquors with intent to sell the same, without license or authority.

At the trial in the Superior Court, before *Pitman*, J., upon appeal, the government offered evidence tending to show that the defendant kept liquors with intent to sell them on the day named. This evidence was confined to facts and circumstances existing on that day. The government was then allowed, against the defendant's objection, to show that on the 19th of the preceding month the defendant was in the same place, which was a bar room where liquors were found, and that men were drinking intoxicating liquor at the bar, and the defendant was coming out of the room with a bottle of intoxicating liquor in his hand. One of the issues made by the defendant was that it did not appear that he stood in such a relation to the premises as to make him the keeper of the liquors. The court admitted the evidence objected to, solely as bearing upon that point, and so instructed the jury, who returned a verdict of guilty, and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT.   The evidence was clearly competent for the purpose for which it was admitted.   It is therefore unnecessary to consider whether its admission was not more strictly limited than the law required.                          *Exceptions overruled.*