## COMMONWEALTH *vs.* DOMINGO CARDOZE.

Bristol.    Oct. 26. — Dec. 4, 1875.    MORTON, J., absent.

On the trial of a complaint for keeping a disorderly house, the evidence tended to show
that the defendant kept a dance hall, which was resorted to by men and women
of bad repute, and the government was permitted, against the defendant's objec-
tion, to introduce evidence that women of bad repute, resorting to the hall, had
frequently while there solicited men to leave the building and go away with them
for the purposes of prostitution; that the men went away with them, and that the
defendant was then present in the hall.    *Held,* it not appearing by the bill of ex-
ceptions that this was all the evidence offered at the trial, that the evidence was
rightly admitted.

COMPLAINT to the Police Court of New Bedford, charging that
the defendant, at a time and place mentioned, " a certain com-
mon, ill-governed and disorderly house unlawfully did keep and
maintain; and in the said house for his own lucre and gain, cer-
tain evil disposed persons, as well men as women, of evil name,
fame and conversation, to come together on the days and times
aforesaid, there unlawfully and willingly did cause and procure;
and the said persons, in the said house, at unlawful times, as well
in the night as the day, on the days and times aforesaid, there to
be and remain, drinking, tippling, cursing, swearing, quarrelling
and otherwise misbehaving themselves, unlawfully did permit and
suffer, to the great injury and common nuisance of all the peace-
able citizens of said Commonwealth there residing, inhabiting
and passing, and against the peace and dignity of the Common-
wealth aforesaid."    Trial in the Superior Court, before *Wilkin-
son* J., on appeal, who allowed a bill of exceptions, in substance
as follows:

The evidence tended to prove that the defendant was the pro-
prietor and keeper of a certain room or hall used by his au-
thority as a dance hall; and which was resorted to, on the even-
ings when dancing was carried on therein, by women and men
of bad repute.    Evidence was offered by the government to
prove that these women of bad repute, so resorting to said hall,
had frequently while there solicited men to leave the building
and go away with them for the purposes of prostitution; and that
thereupon the men so solicited frequently would leave the hall in
company with the women so soliciting them, and go away with

them, the defendant being present in the hall when these acts were done. To the admission of this evidence in support of the complaint the defendant objected, but the judge ruled that the evidence so offered was admissible in support of the allegation of disorderly conduct, and admitted it. The defendant was convicted, and alleged exceptions to the admission of said evidence.

*H. M. Knowlton*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. On a complaint of this kind, it is of course material to show the character and deportment of the persons resorting to the house in question. We cannot doubt that in such a case it would be competent for the prosecution to prove that the place was kept ostensibly as a dance hall, but really as a place of resort for notorious prostitutes, where they were to meet with dissolute men, and to make assignations and appoint meetings for purposes of prostitution. This would certainly be admissible as part of the evidence. There is nothing in the bill of exceptions to indicate that it was all the evidence offered at the trial. The habitual meeting of such persons for such purposes would inevitably tend to produce riotous and disorderly conduct. Whether such evidence standing alone would be sufficient to sustain the charge is a question not raised by these exceptions.

*Exceptions overruled.*