COMMONWEALTH *vs.* JAMES CLARK & another.

Essex.    November 1. — 22, 1887.    DEVENS & KNOWLTON, JJ., absent.

A complaint against A. and B. for keeping and maintaining, at a time and place named, a certain tenement, " then and there used by said A. and B. as a house of ill-fame, resorted to for prostitution, lewdness, and for illegal gaming, and then and there used by said A. and B. for the illegal sale and for the illegal keeping of intoxicating liquor, said tenement, so used as aforesaid, being then and there a common nuisance," is sufficient, under the Pub. Sts. *c.* 101, § 6.

It is no objection to a complaint for keeping and maintaining a tenement used as a house of ill-fame and for the illegal sale and illegal keeping of intoxicating liquors, that the time of the continuance of the offence, as alleged in the complaint, extends beyond a period of six months.

At the trial of a complaint for keeping a tenement used as a house of ill-fame in G., a police officer testified that he visited the premises on a certain day, and in one of the rooms found two women in bed together, but no man with them, and in an adjoining room found another woman in bed, but with no man. The government then asked the witness, " What was the reputation of these three women for chastity in G. ? " The defendant objected to this question, but the judge allowed it to be put, and the witness answered that it was bad. *Held*, that the defendant had no ground of exception.

At the trial of a complaint against A. for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, A. testified that he had nothing to do with the management or control of the premises, but that they were let to B., who alone conducted them during the period named in the complaint ; that he, A., had never had any interest in any sale of liquor, or at any time on these premises. On cross-examination, the district attorney asked A. if he had had anything to do with keeping it before the first day named in the complaint; and A. answered that he had not. The district attorney was then allowed to put in evidence tending to contradict A. on this point,

and to show expenditures for purchases for the premises for the four months preceding the first day named in the complaint, and was allowed to comment on this evidence in his argument to the jury. *Held*, that A. had no ground of exception.

If, at the trial of a criminal case, certain evidence for the government is admitted without objection, and is competent for some purposes, it is too late for the defendant to request the judge, in the course of the closing argument for the government, to instruct the jury that the evidence is incompetent for any purpose, and that the argument in relation to it should be disregarded by them.

COMPLAINT to the Police Court of Gloucester, against James Clark and William E. Wetmore, alleging that the defendants, on January 1, 1886, and on divers other days and times between that day and July 26, 1886, at Gloucester, " did keep and maintain a certain tenement, there situate, then and there used by said James Clark and William E. Wetmore as a house of ill-fame, resorted to for prostitution, lewdness, and for illegal gaming, and then and there used by the said Clark and Wetmore for the illegal sale and for the illegal keeping of intoxicating liquor, said tenement, so used as aforesaid, being then and there a common nuisance."

In the Superior Court, on appeal, before the jury were empanelled, the defendants renewed a motion to quash the complaint, previously made in the police court, assigning the following reasons therefor: " 1. Because the same is uncertain, indefinite, and insufficient, and charges no offence in a sufficient, proper, and formal manner. 2. Because the complaint does not sufficiently inform the defendant of the offence with which he is charged, and does not identify the offence so as to protect him from a subsequent prosecution for the same offence, or enable the court to render a proper judgment upon it. 3. Because the same is double, and in one count purports to charge more than one offence. 4. Because the complaint does not properly describe the tenement or its location. 5. Because there is no such offence as that undertaken to be set forth in the complaint. 6. Because the complaint is in other respects uncertain, indefinite, and insufficient."

*Pitman*, J., overruled the motion; and the defendants excepted.

At the trial, Michael J. Sullivan, a police officer, was called as a witness for the government, and testified that the premises

were at 18 and 20 Hancock Street, Gloucester, and known as " The Welcome Home ; " and he was proceeding to testify to acts done, and in regard to the management and conduct of the premises, after July 1, 1886, and prior to July 26, when the defendant objected to this testimony, on the ground that the continuance could not properly be extended beyond the period of six months from January 1, namely, to July 1. The judge overruled the objection, and admitted the testimony.

Sullivan further testified that he visited the premises on July 13, 1886, and in one of the bed-rooms found two women in bed together, but no man with them, and also in the adjoining room found a woman in bed, but with no man. The government then asked the witness, " What was the reputation of these three women for chastity in Gloucester?" The defendant objected, but the judge permitted the question to be put. The witness answered that it was bad ; and to this answer the defendant objected, and excepted to its admission.

The defence of the defendant Clark was, that the premises were not a nuisance, whoever kept them; and that he had nothing to do with the keeping and maintaining during the period covered by the complaint. The defendant Wetmore conceded and testified that he alone was the keeper and maintainer during the time covered by the complaint. Clark was a witness in his own behalf, and testified that his wife was the owner of the building; that he, as agent of his wife, leased the premises to Wetmore at $50 per month; that Wetmore managed and conducted the place during the period named in the complaint; that he had nothing to do with its conduct, management, control, or profits ; and that he had never had any interest in any sale of liquor, at any time, on these premises, and was not in that kind of business. The district attorney, upon cross-examination, then asked the witness if he had run the place, or had anything to do with keeping it prior to January 1, 1886. This question was objected to, but the judge admitted it. The witness then answered that he had not. The district attorney then produced two books of account, purporting to be books of expenditures for purchases for " Welcome Home," at a time prior to January 1, 1886, and as far back as September, 1885, when it was contended by the government that the place was kept either alone or in

part by one Coombs, with whom the defendant was then interested; and the district attorney then asked him in whose handwriting certain entries therein were. The question was objected to, but was admitted. The defendant admitted that said entries were his. The government then proceeded to ask the witness various questions, relating to his entries in said books, and to his connection with Coombs during the time that Coombs ran the place, all of which were objected to, but were admitted. These entries were largely of purchases of liquors, and of cash received. The government had not, up to this point, put the books in evidence, and disclaimed an intention so to do; but subseqently offered the books in evidence, and to their admissibility the defendant Clark objected. The judge overruled the objection, and admitted the books in evidence. The government, in arguing the case to the jury, commented upon the books and the entries therein, and exhibited and read the entries to the jury.

The district attorney, in arguing the case to the jury, commented on the management and proprietorship of the premises prior to January 1, 1886, and was proceeding to argue to the jury on the entries of the books aforesaid, and to contend therefrom that Clark was jointly interested with Coombs prior to January 1, when Clark's counsel, without interrupting the district attorney, passed to the judge in writing the following request for an instruction: "Neither of the books claimed to be put into the case by the government is competent for any purpose." Thereupon the judge passed back the paper with the statement thereon, that, not having been submitted until nearly at the close of the district attorney's argument, it was not received. A large number of requests for instructions had been submitted in writing by the defendant's counsel prior to the arguments, all of which the judge gave. The judge did not check the argument of the district attorney, or give any instruction whatever to the jury on the subject matter herein stated, nor was any request, oral or written, made that the judge should do so, except as above stated, nor was any exception taken to the refusals to give these additional instructions. The books were not sent to the jury-room, the judge remarking that he should not send them to the jury, unless the defendant's attorney so requested and desired.

The witness Sullivan further testified that, on one occasion, he saw Clark late at night come from the depot on the arrival of a Boston train, accompanied by a woman, and go with her to the premises in question. Upon his own examination, Clark had admitted that he brought the woman from Boston as a housekeeper for the Welcome Home, but testified that he did so at the request of Wetmore. In arguing the case to the jury, the district attorney was proceeding to comment on this event, and on the woman as unchaste, when, without interrupting, the defendants' counsel at once passed in writing to the judge a request to give the following instruction to the jury: "The testimony in regard to the woman from Boston is incompetent for any purpose, and the argument of the government in regard to it should be disregarded by the jury." The judge declined to receive the request, for the reason stated in declining to receive the above-named request, and in the charge gave no instruction on the subject matter.

The jury returned a verdict of guilty against each defendant; and they alleged exceptions.

*G. W. Searle*, for Clark.

*W. W. French & H. N. Woods*, for Wetmore.

*A. J. Waterman*, Attorney General, for the Commonwealth.

C. ALLEN, J. 1. The motion to quash was properly overruled. The complaint was sufficient, under the Pub. Sts. *c.* 101, § 6. *Commonwealth* v. *Ballou*, 124 Mass. 26.

2. The objection that the time of the continuance of the offence, as alleged in the complaint, was too long, cannot prevail. The defendant cites no authority in support of his view that six months is the longest time that can be legally covered by a complaint. He might have moved for a specification of particulars. See *Commonwealth* v. *Giles*, 1 Gray, 466, where the offence was alleged to have extended over a period of sixteen months.

3. The testimony as to the reputation for chastity in Gloucester of the three women who were found in the house was competent. Their general reputation in Gloucester was fairly implied; and the question could not reasonably be supposed, as the defendant argues, to call merely for the individual opinion of the witness.

4. It was entirely competent for the court to allow a general cross-examination of the defendant Clark as to his relations to the house prior to the time charged in the complaint. He had testified in chief, that " he had never had any interest in any sale of liquor, at any time, on these premises." The cross-examination was proper, both for the purpose of contradicting his testimony in chief, and also on more general grounds. *Commonwealth* v. *Haher*, 113 Mass. 207. *Commonwealth* v. *Kelley*, 116 Mass. 341. His entries in the books of account, and his connection with Coombs, were also competent, and might properly be commented upon in argument to the jury.

5. No request was made that the books be sent to the jury. The presiding judge virtually offered to send them out, if desired ; and all objection to the omission to do so, even if otherwise tenable, was thereby waived.

6. The testimony of the officer, Sullivan, that he saw the defendant Clark come from the depot, on the arrival of a train from Boston, accompanied by a woman, and go with her to the premises, must be assumed to relate to a time within the period covered by the complaint. The testimony appears to have been admitted without objection; but, in the course of the closing argument of the district attorney, the defendant asked the court to instruct the jury that the testimony was incompetent for any purpose, and that the argument in regard to it should be disregarded by the jury. It was then too late to ask a ruling that the testimony was incompetent for any purpose. Besides, it was clearly competent, as tending to show the defendant's connection with the house, and the business carried on there. In reference to the suggestion of unchastity, we do not know that all the evidence is reported, and the request was not put on the ground that this suggestion was unfounded. The point taken was not that the argument went too far, but that the district attorney had no right to argue at all upon the testimony in regard to the woman. If a question of law arises for the first time during the closing argument of the district attorney, we should not wish to say that the defendant would have no right to present it in a proper manner to the court, and ask a ruling upon it; but, in the present case, the objection was substantially to the competency of testimony which had been admitted without objection.

There was no occasion for the court to give any instruction to the jury upon this objection ; and, in reference to the suggestion of the woman's unchastity, the bill of exceptions does not contain enough to show that it was the duty of the court to caution the jury that the suggestion was unwarranted. *Commonwealth* v. *Cunningham*, 104 Mass. 545. *Exceptions overruled.*