COMMONWEALTH *vs.* MICHAEL AHEARN.

Essex.    November 10, 1893. — January 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Intoxicating Liquors — Joint Keeping with Intent to sell — Conviction of Confederate — Instructions.*

If, on a complaint against A. for unlawfully keeping for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, a joint keeping is proved with intent that the sale shall be made by A., he may be convicted.

COMPLAINT, alleging that the defendant " unlawfully did keep for sale intoxicating liquors with intent unlawfully to sell the same in this Commonwealth."    At the trial in the Superior Court, before *Bishop*, J., the defendant asked for a ruling that, upon all the evidence in the case, the jury would not be warranted in finding the defendant guilty of the offence charged in the complaint.  The judge declined so to rule, and the defendant excepted.  The defendant asked for an instruction to the jury, which the judge gave with a qualification, and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.  The material facts appear in the opinion.

*C. A. De Courcy & W. Coulson,* for the defendant.

*W. H. Moody,* District Attorney, for the Commonwealth.

ALLEN, J.    The averment of intent follows the language of the earlier statutes.  St. 1855, c. 215.  Gen. Sts. c. 86, § 29. St. 1869, c. 415, § 31.  In the statute now in force the words are, " No person shall sell, or expose or keep for sale, spirituous or intoxicating liquor, except as authorized," etc.  Pub. Sts. c. 100, § 1.  St. 1875, c. 99, § 1.  Whether the averment in the

complaint is more minute than is necessary, or whether it imposed on the prosecutor an unnecessary strictness of proof, we need not inquire. See *Commonwealth* v. *Dana*, 2 Met. 329, 342.

The principal question is whether the evidence was sufficient to warrant a conviction of the offence as charged, viz. a keeping of liquor by the defendant with intent unlawfully to sell the same in this Commonwealth. Upon the evidence, the jury might have found that one Lucy, who was engaged in the illegal sale of liquors at a place a mile away, kept a quantity of liquors in the defendant's dwelling-house, which he (Lucy) was to take away from time to time as wanted for sale at his place of business, and that the defendant was aware of Lucy's purpose, and stored the liquors in his house in order to aid Lucy in carrying it out.

There was also evidence that the defendant was in the employment of Lucy at the latter's place of business, and it would seem that an inference might have been drawn that the defendant intended to take a personal part in the sale of the liquors; but this fact was not adverted to in the instructions given in response to the defendant's request, and we therefore omit it.

Without taking the defendant's employment into account, it is nevertheless plain upon the other evidence that the jury might have found that the keeping of the liquors was the joint act of Lucy and the defendant, that there was a joint intent on their part that the liquors should be sold by Lucy alone in violation of law, and that the keeping was for the purpose of facilitating such unlawful sale; and if the complaint had been against them jointly, both might have been convicted. Where several persons are engaged in a common criminal design, with a distribution of the parts, and each takes the part assigned to him, all may be held guilty. *Rex* v. *Bingley*, Russ. & Ry. 446. *Rex* v. *Kirkwood,* 1 Moody C. C. 304. *Rex* v. *Dade,* 1 Moody C. C. 307. 1 Russ. Cr. (9th ed.) 61. Whart. Crim. Law, §§ 217, 219. Under this rule, one who stores arms in his house or elsewhere, and guards them so that they shall be ready for use in levying war against the government, or one who does the same thing in respect to goods which are to be smuggled, is chargeable with the whole offence, if the same is completed, though his participation therein goes no further. Whart. Crim. Law, § 1792.

2 Burr's Trial, 401. In like manner, where the offence charged is keeping with intent to sell, if a joint keeping is proved with intent that the sale shall be made by one of the confederates, there is no variance.

There is a slightly different view which leads to the same result. In misdemeanors, as in treason, it is a general rule that all who take any part in the offence may be charged simply as principals. *Commonwealth* v. *Wallace*, 108 Mass. 12. *Commonwealth* v. *Gannett*, 1 Allen 7. *Commonwealth* v. *Ray*, 3 Gray, 441, 448. *People* v. *Erwin*, 4 Denio, 129. *Regina* v. *Clayton*, 1 Car. & K. 128. *Regina* v. *Whittaker*, 1 Den. C. C. 310. *Regina* v. *Greenwood*, 2 Den. C. C. 453, 455. There may be exceptions to this rule, but they need not be considered here. See 1 Bish. Crim. Law, (8th ed.) § 657; Whart. Crim. Law, § 236. If Lucy's act had been a felony, the defendant would have been an accessory before the fact. But since Lucy's offence was only a misdemeanor, the defendant might be charged directly as a principal, just as if he had been the sole actor, and although it was intended that the actual sale should be made by Lucy alone. The defendant was aiding and abetting Lucy in Lucy's act of keeping the liquors with intent to sell the same unlawfully, and Lucy's offence might be charged as the defendant's offence, and supported by proof that the defendant was aiding and abetting Lucy.

The instruction specially requested might properly have been refused altogether, and we cannot see that the defendant was injured by the instructions as given.*

*Exceptions overruled.*

---

* The defendant asked the judge to instruct the jury that, if they found upon the evidence that the liquor in question belonged to Lucy and not to the defendant, and was stored in the defendant's premises to be taken therefrom by Lucy, and by him sold elsewhere, the defendant could not be convicted upon the complaint. The judge gave this instruction, with the qualification that, if the jury should find that Lucy owned the liquors and kept them upon the defendant's premises as a reservoir, to be sold by Lucy elsewhere, in violation of law, if the defendant aided and assisted in said keeping of them, he might be found guilty, the judge saying : " I give you this ruling, provided you find that the defendant did participate in the act of the owner of the liquors in keeping them at this house for sale elsewhere, knowing the object of so keeping them, and that they were kept there to be

---

drawn upon and taken elsewhere for sale, and aiding and assisting in the
purpose. If Ahearn had no part or lot in carrying out the purpose of the
owner of the liquors in storing and selling them, as, for instance, if he was
ignorant of the purpose, he cannot be held liable; but if the liquors were to
be taken elsewhere for illegal sale as required, and Ahearn knew the object
and assisted in accomplishing it, he is liable."