COMMONWEALTH *vs.* BRIDGET BAGDASARIAN.

Worcester.    September 29, 1926. — October 14, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Evidence,* Competency.    *Disorderly House.*

At the trial of a complaint charging the defendant with the common law offence of keeping and maintaining a disorderly house, it is proper to admit testimony by a police officer who had been admitted to the premises as to a conversation he had in the house with a woman inmate which showed her to be a prostitute; and, such evidence being properly admitted and the defendant not asking that its use be limited and the trial judge not limiting it, it can be used for any purpose.

COMPLAINT, received and sworn to in the Central District Court of Worcester on October 7, 1925, charging the defendant with the common law offence of keeping and maintaining a disorderly house.

On appeal to the Superior Court, the action was tried before *Jones,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. There was evidence of occupancy of the house by the defendant and that one Lillian White was a prostitute under hire by the defendant on the premises. Subject to exceptions by the defendant, a police officer was permitted to testify that he had gone to the premises when the defendant was not present, had been introduced to Lillian White, and with her had gone to a small bedroom where they held a conversation which he related and which tended to show that the woman was a prostitute on the premises under hire of the defendant, to whom she paid a part of the money she received from men resorting there.

The defendant was found guilty and alleged exceptions.

*G. F. Foley,* for the defendant, submitted a brief.

*C. B. Rugg,* Assistant District Attorney, for the Commonwealth.

WAIT, J.    The testimony of the officer was properly admitted in evidence.    *Commonwealth* v. *Kimball,* 7 Gray, 328.

If properly admitted upon any ground, the evidence could be used for any purpose, unless its use was expressly limited by the court. *Pegg* v. *Warford,* 7 Md. 582. *State* v. *Farmer,* 84 Maine, 436, 440. See *Higlister* v. *French,* 180 Mass. 299, 301. *Hubbard* v. *Allyn,* 200 Mass. 166, 171.

In *Commonwealth* v. *Harwood,* 4 Gray, 41, cited by the defendant, the statements excluded were not made upon the premises nor by an inmate. That decision has no application here.

*Exceptions overruled.*