COMMONWEALTH *vs.* GROVER R. BARNEY.

Middlesex.    March 7, 1927. — March 9, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Motor Vehicle,* Operation. *Intoxicating Liquor. Pleading, Criminal,* Complaint. *Practice, Criminal,* Conduct of trial: requests, rulings and instructions; New Trial.

Where, at the trial in the Superior Court of a complaint charging that the defendant operated an automobile on a public way "while under the influence of intoxicating liquor, said offence being a second offence," there was evidence of a single offence but no evidence to support that part of the complaint which charged a second offence, it was proper for the judge to instruct the jury to disregard that part of the complaint and to consider the case as a charge of a first offence.

An exception by a defendant who was found guilty of a first offence upon such a complaint after such an instruction must be overruled, since the jury must be presumed to have followed the instruction.

No exception lies to the denial of a motion for a new trial based on a contention which might have been raised at the trial on the merits.

The determination of a motion for a new trial rests in sound judicial discretion.

COMPLAINT, received and sworn to in the Fourth District Court of Eastern Middlesex on July 20, 1926, and described in the opinion.

On appeal to the Superior Court, the complaint was tried before *Gibbs,* J., a judge of a district court sitting in the

Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285. Material evidence and exceptions saved by the defendant are described in the opinion.

*J. S. Cannon*, for the defendant, submitted a brief.

*R. J. White*, Assistant District Attorney, for the Commonwealth.

BY THE COURT. The defendant was tried upon a complaint charging that he operated an automobile on a public way "while under the influence of intoxicating liquor, said offence being a second offence." G. L. c. 90, § 24, as amended by St. 1925, c. 297, § 1. There was no evidence to support that part of the complaint which charged a second offence. The judge instructed the jury to disregard that part of the complaint and to consider the case as a charge of a first offence. The motion by the defendant for a directed verdict in his favor was denied rightly. *Commonwealth* v. *Lang*, 10 Gray, 11. *Commonwealth* v. *Salah*, 253 Mass. 549. *Commonwealth* v. *Clifford*, 254 Mass. 390, 392. G. L. c. 277, §§ 34, 35. The instruction of the judge to disregard the part of the complaint charging a second offence must be presumed to have been followed by the jury. *Commonwealth* v. *Cody*, 165 Mass. 133, 138. *Allen* v. *Boston Elevated Railway*, 212 Mass. 191, 194.

There was no error of law in the denial of the defendant's motion for a new trial. The main ground alleged was one which might have been raised at the trial on the merits. Moreover, the disposition of such a motion rests in sound judicial discretion. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24, 32, 33, and cases there collected.

*Exceptions overruled.*