COMMONWEALTH *vs.* PERFERDY FOMUCK.

Suffolk.    October 17, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence,* Competency, Of drinking habits.  *Intoxicating Liquor.  Practice, Civil,* Exceptions: construction of bill.

At the trial of a complaint charging the keeping and exposing of intoxicating liquors with intent to sell them unlawfully, there was evidence that the defendant had a key to a vacant store adjacent to one maintained by him, and had been seen therein; and that police officers in a raid found three half pints of whiskey in the vacant store.  A police officer, who had testified that he had observed the defendant's store, in response to the question, "What observation had you made?" testified, "I have observed men going in there whom I knew to be drinking men. I have talked with them when they came out and smelled liquor off of their breath."  Subject to an exception by the defendant, the judge refused to strike out that part of the answer which said "whom I knew to be drinking men."  The defendant saved no other exception at the trial and his bill of exceptions before this court contained no statement that it contained all the evidence material to the issue raised by his exception.  The defendant contended that the "observation" of the witness was incompetent because the time of his observation was not disclosed.  *Held,* that the exception must be overruled since, on the record, it must be assumed that the evidence received related to a time reasonably near to the time named in the complaint.

COMPLAINT, received and sworn to in the District Court of Chelsea on February 18, 1927, charging the defendant with keeping and exposing intoxicating liquors with. intent to sell them unlawfully.

On appeal to the Superior Court, the case was tried before *Hayes,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285. Material evidence and an exception by the defendant are stated in the opinion.  The defendant was found guilty and alleged an exception.

*M. Caro,* (*G. Bloomfield* with him,) for the defendant.

*D. J. Gillen,* Assistant District Attorney, for the Commonwealth.

PIERCE, J.   At the trial of the defendant in the Superior Court on a complaint charging him with keeping and exposing intoxicating liquor with intent to sell the same, the evidence tended to show that the defendant maintained and conducted a certain grocery and provision store at No. 67 Second Street, Chelsea; that it was one in a block of six stores between Walnut Street and Second Street; that the store in the block next to the defendant's premises was vacant and the defendant had a key which would admit his entering it; that he was seen in the vacant store; "that at the time of the raid the police officers found in said vacant store three half pint bottles of whiskey."

Officer Elmore for the Commonwealth testified substantially as follows: "Q. Have you observed this place (meaning defendant's store)?   A. Yes.— Q. What observation have you made?   A. I have observed men going in there whom I knew to be drinking men.   I have talked with them when they came out and smelled liquor off of their breath." The defendant moved to strike out that part of the answer which said "whom I knew to be drinking men."   The trial judge refused so to do, and stated that that part of the answer should stand.   The defendant duly excepted to this refusal.   No question is raised otherwise as to the sufficiency of the evidence to warrant a conviction, "The sole question for determination being the competency of that part of the answer admitted over objection."

The contention of the defendant, that the "observation" of the witness was incompetent because the time of his observation is not disclosed, is disposed of by the fact that the defendant's bill of exceptions does not state that it contains all evidence material to the narrow issue now raised, and because it must be assumed in the absence of such a declaration that the evidence received related to a time reasonably near to the time named in the complaint.   The fact that a place is the resort of drinking men obviously has real evidentiary value in the proof of a charge that the place of resort is a place where intoxicating liquor may be obtained. Upon such a charge proof of the drinking habits of the frequenters of the place may be shown by direct evidence,

or by evidence of the general reputation of such persons for sobriety in the community in which they live, or otherwise.

We find it unnecessary to determine whether evidence of the habits of frequenters of houses of ill fame and of other criminal nuisances is restricted to evidence of general repute. *Commonwealth* v. *Kimball,* 7 Gray, 328. *Commonwealth* v. *Gannett,* 1 Allen, 7. *Commonwealth* v. *Cardoze,* 119 Mass. 210.

*Exceptions overruled.*