COMMONWEALTH *vs.* LOUIS JAFFAS.

SAME *vs.* WILLIAM MALEKOURDIS.

Franklin.    September 20, 1933. — November 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Attempt to commit Arson.    Pleading, Criminal,* Indictment.

The words in the indictment above described, that the defendant did "aid, counsel and assist," were superfluous and unnecessary, the crime charged being a misdemeanor, and therefore might be rejected, leaving the gravamen of the charge that the defendant participated wilfully and maliciously in an attempt to set the fire, upon which a conviction was warranted by proof that the defendant aided, counselled or assisted in the attempted burning.

At the trial together of two indictments of the character above described and relating to the same attempt to set fire to a building, there was evidence that one defendant, a part owner of the building, employed the second defendant to find some one to set the fire; that the second defendant conferred with a third person; that the motive of the defendant owner apparently was to collect insurance. The only evidence as to the insurance upon the building was a statement by the defendant owner to a witness called by the Commonwealth that the building was insured. There was also evidence that the second defendant was employed by the defendant owner either himself to burn, or to find some one to burn, the building, that money and a note were paid to him by the defendant owner for that purpose, and that at his solicitation a third person agreed and made an attempt to set fire to the building. The defendants were found guilty. *Held,* that

(1) The fact that one of the defendants was a part owner of the building was no defence to the indictment under said § 5A; following *Commonwealth* v. *Mehales, ante,* 412;

(2) The evidence warranted a finding of guilty on both indictments;

(3) The circumstance, that collection of insurance may have been an underlying motive of the defendant owner, did not prevent a finding of guilty under said § 5A, although a penalty was provided under G. L. (Ter. Ed.) c. 266, § 10, as amended by St. 1932, c. 192, § 7, for wilfully burning certain insured property with intent to defraud or

injure the insurer, and that crime was made a felony: the mere fact that it may be possible to indict a person under one section of a statute does not preclude his being indicted and convicted and sentenced under another section where the proof may be less exacting.

Two INDICTMENTS under § 5A, added to G. L. (Ter. Ed.) c. 266 by St. 1932, c. 192, § 5, found and returned, respectively, on November 16, 1932, and July 11, 1933, and described in the opinion.

The indictments were tried together in the Superior Court before *T. J. Hammond,* J. Material evidence is described in the opinion. The defendants were found guilty and alleged exceptions.

*E. J. Tierney,* for the defendant Jaffas.

*R. S. McCabe,* for the defendant Malekourdis.

*J. T. Bartlett,* District Attorney, for the Commonwealth.

RUGG, C.J. Each of these indictments in substance and effect charged that the defendant at Orange, on September 20, 1932, "did willfully and maliciously aid, counsel or assist in an attempt" "to set fire to or burn" a building known as the Orange Hotel. Each defendant filed a motion to quash the indictment, which was denied subject to exception. Each indictment is framed on § 5A, added to G. L. (Ter. Ed.) c. 266 by St. 1932, c. 192, § 5. Its words, so far as here material, are these: "Whoever wilfully and maliciously attempts to set fire to, or attempts to burn, or aids, counsels or assists in such an attempt to set fire to or burn, any of the buildings, structures or property mentioned in the foregoing sections, or whoever commits any act preliminary thereto or in furtherance thereof, shall be punished by imprisonment in a jail or house of correction for not more than two and one half years or by a fine of not more than one thousand dollars."

The defendants contend that the indictments were defective in that they omitted the words "wilfully and maliciously" as descriptive of the attempt "to set fire to or burn" and that this defect was not supplied by charging that the defendants did "wilfully and maliciously aid, counsel or assist" "in an attempt . . . to set fire to or burn." They rely in this connection upon *Commonwealth* v. *Cooper,*

264 Mass. 378, where it was held that the words "wilfully and maliciously" were an essential part of the crime of attempting to burn the building of another and must be charged in the indictment. G. L. (Ter. Ed.) c. 274, § 6; c. 266, §§ 1, 2, 3, 4. That contention cannot be supported. The crime created by § 5A, added to c. 266 by St. 1932, c. 192, § 5, not being "punishable by death or imprisonment in the state prison," is not a felony but a misdemeanor. G. L. (Ter. Ed.) c. 274, § 1. In misdemeanors there are no degrees, but all who participate in them are principals and may be charged as such and convicted upon proof of having taken any part therein. *Commonwealth* v. *Wallace*, 108 Mass. 12, 14. *Commonwealth* v. *Sherman*, 191 Mass. 439. *Commonwealth* v. *Ahearn*, 160 Mass. 300, 302. Superfluous or unnecessary averments may ordinarily be rejected as surplusage. *Commonwealth* v. *Keefe*, 7 Gray, 332, 336. *Commonwealth* v. *Barney*, 258 Mass. 609. *Commonwealth* v. *Baxter*, 267 Mass. 591, 594. *Commonwealth* v. *Snow*, 269 Mass. 598, 608, and cases cited.

The gravamen of the charge against each defendant was that he participated wilfully and maliciously in an attempt to set fire to a building. The words that he aided, counselled and assisted were not essential to the charge. Omitting those words from the indictment, each defendant would be charged with the offence of a wilful and malicious attempt to set fire to or burn a building. This, being a misdemeanor, would be supported by proof that he did aid, counsel or assist in the attempted burning. Failure to prove unnecessary or superfluous allegations would not entitle the defendant to an acquittal. It cannot be thought that each defendant did not understand the offence with which he was charged, or was not enabled to prepare his defence. G. L. (Ter. Ed.) c. 277, §§ 33, 34, 35. *Commonwealth* v. *Pentz*, 247 Mass. 500, 506. It follows that the motion to quash was denied rightly.

Each defendant filed a motion that a verdict of acquittal be directed. There was ample evidence to the effect that the defendant Jaffas, a part owner of the building, employed the defendant Malekourdis to find some one to set fire

to the building and that he conferred with John Mehales, who was found by Malekourdis for that purpose. The motive of Jaffas apparently was that he and his adopted son, who was the coöwner of the building, might collect insurance. The only evidence as to the insurance upon the building was a statement by the defendant Jaffas to a witness called by the Commonwealth that the hotel was insured for $15,500. There was also evidence that Malekourdis was employed by Jaffas either himself to burn, or to find some one to burn, the building and that money and a note were paid by Jaffas to him for that purpose, and that at his solicitation John Mehales agreed and made an attempt to set fire to the building. The part performed by the latter in execution of the nefarious enterprise is set forth in *Commonwealth* v. *Mehales, ante,* 412, as well as in the present records, and need not be repeated. It has been decided in that case that what Mehales did amounted to an attempt to set fire to the building within the scope and meaning of § 5A of G. L. (Ter. Ed.) c. 266. St. 1932, c. 192, § 5. The case at bar is governed on this point by that decision. As there explained, the fact that Jaffas was an owner of the building was no defence, and in prosecutions under § 5A the principles declared in *Commonwealth* v. *Makely,* 131 Mass. 421, and *Commonwealth* v. *Peaslee,* 177 Mass. 267, do not afford protection to a defendant. There was plenary evidence to the effect that each of these defendants participated with Mehales in the commission of the crime of which he was found guilty. They therefore might have been found guilty on the indictments here in issue.

The circumstance that collection of insurance may have been an underlying motive of Jaffas does not prevent a finding of guilty under § 5A, added to G. L. (Ter. Ed.) c. 266 by St. 1932, c. 192, § 5. Penalty is provided by St. 1932, c. 192, § 7, amending G. L. (Ter. Ed.) c. 266, § 10, for wilfully burning certain insured property with intent to defraud or injure the insurer. That crime is a felony. It is a crime often involving difficulty of allegation and proof. *Commonwealth* v. *Asherowski,* 196 Mass. 342. *Common-*

*wealth* v. *Kaplan,* 238 Mass. 250. *Commonwealth* v. *Cooper,* 264 Mass. 368. *Commonwealth* v. *Kosior,* 280 Mass. 418. It is apparent from a reading of c. 192, in its entirety that the design of the General Court in enacting it was to broaden the scope of the legislative enactments touching "arson and certain related offences." Some penalties are made less, but the description of the offences is somewhat less technical and more comprehensive than in preëxisting statutes. Because it may be possible to indict a person under one section of the statute is no reason he may not be indicted under another where the proof may be less exacting. It is no new thing in the criminal law for the same act proved by the same evidence to constitute different offences. *Commonwealth* v. *Fontain,* 127 Mass. 452, 454.

In each case the entry may be

*Exceptions overruled.*