COMMONWEALTH *vs.* ANNA MARTIN.

SAME *vs.* SAME.

Suffolk.    November 6, 1939. — November 27, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Pleading, Criminal,* Bill of particulars, Complaint.  *Disorderly House. Practice, Criminal,* Argument for defendant.  *Evidence,* Relevancy, Competency.

No abuse of discretion appeared in a refusal to require the Commonwealth to file further particulars respecting complaints for violation of G. L. (Ter. Ed.) c. 139, §§ 4, 5, and of c. 272, § 6, than to state the location of the place unlawfully used, the nature of the acts that occurred there, and the name of the person committing them.

Upon a complaint under G. L. (Ter. Ed.) c. 272, § 6, charging that the defendant "did induce and knowingly suffer a female to resort to and be in and upon" certain premises in the control of the defendant for the purpose of unlawful sexual intercourse, the entry of a *nolle prosequi* of so much of the complaint as charged inducement to resort to the premises did not destroy the identity of the offence charged, and violation of the statute was shown by proof that the defendant knowingly suffered a woman to be on the premises for the specified purpose.

At the trial of a complaint for maintenance of a disorderly house in violation of G. L. (Ter. Ed.) c. 139, §§ 4, 5, it was not reversible error to exclude evidence that the premises were "well kept up" and not an annoyance to the neighbors.

On the record of the trial of complaints for violation of G. L. (Ter. Ed.) c. 139, §§ 4, 5, and of c. 272, § 6, no error was shown in the admission in evidence of conversations in the defendant's presence between police officers and men who came to the defendant's premises, or of a conversation between a police officer and a woman on those premises which was repeated in substance to the defendant by the officer.

It was proper for the judge at a criminal trial to refuse to allow the defendant's counsel to argue to the jury other cases involving a matter not in issue in the case on trial.

TWO COMPLAINTS, received and sworn to in the Municipal Court of the Brighton District of the City of Boston on October 25, 1938.

On appeal to the Superior Court, the defendant alleged exceptions to orders by *Fosdick,* J., respecting bills of particulars, and saved exceptions at the trial before *Buttrick,* J.

*C. W. Rowley,* (*C. W. Rowley, Jr.,* with him,) for the defendant.

*A. F. Iovino,* Assistant District Attorney, for the Commonwealth.

RONAN, J.   The defendant was convicted upon two complaints, one charging a violation of G. L. (Ter. Ed.) c. 139, §§ 4, 5, by the maintenance of a nuisance in keeping a tenement used for prostitution, assignation and lewdness, and the second with a violation of G. L. (Ter. Ed.) c. 272, § 6, by knowingly permitting a female to be upon certain premises in the control of the defendant for the purpose of unlawfully having sexual intercourse.

In answer to a motion for a bill of particulars in the first case the Commonwealth furnished the defendant with the address of the premises mentioned in the complaint and the name of the person alleged to have committed acts of prostitution, and specified that unlawful sexual intercourse took place in the defendant's tenement.   It declined to furnish the name of every person committing an act of lewdness and every act of lewdness or assignation intended to be charged. In the second case, the Commonwealth specified the address of the premises, the name of the woman alleged to be permitted to remain upon them, and that unlawful sexual intercourse was intended to be charged to this woman.   The Commonwealth refused to specify the acts by which the female was induced to resort to the premises or the identity of the person with whom she resorted to the said premises. The judge was right in refusing to require the Commonwealth to file further particulars.   One who is charged in the words of the statute with maintaining a nuisance by keeping a disorderly house and is furnished with the location of the place used for the alleged nuisance, the nature of the acts that occurred in the place, and the name of the person committing such acts, has been fully, clearly and substantially informed of the nature of the offence charged.   It is the use of the premises that is condemned by the statute, and whether the names of those participating in such use and their specific contribution to the use made of the premises should be furnished to the defendant were matters for

the sound discretion of the trial judge.  In the cases at bar there was no error in the action of the judge in regard to the bills of particulars.  *Commonwealth* v. *King*, 202 Mass. 379.  *Commonwealth* v. *Cline*, 213 Mass. 225.  *Commonwealth* v. *Anderson*, 245 Mass. 177.  *Commonwealth* v. *Mercier*, 257 Mass. 353.  *Commonwealth* v. *Randall*, 260 Mass. 303.  *Commonwealth* v. *St. John*, 261 Mass. 510.  *Commonwealth* v. *Lombardo*, 271 Mass. 41.

It should be noted that the Commonwealth at the trial of the second complaint did not contend that the woman named in the specifications was induced to enter the defendant's premises or that she resorted thereto for immoral purposes, and the failure to furnish particulars as to the inducement or the identity of persons who resorted with her to the premises was of no materiality.  The complaint alleged that the defendant "did induce and knowingly suffer a female to resort to and be in and upon a certain place" for a designated, unlawful purpose.  The complaint charged a single offence which could be sustained by proving that the woman was induced and knowingly permitted to resort to and to remain upon the premises for the designated purpose.  The offence charged could also be sustained by proving that the defendant knowingly suffered the woman to be upon the premises for the prescribed purpose.  Where the statute disjunctively prescribes several acts in a series of acts, all of which are alleged in the complaint, then the Commonwealth may prove the violation of the statute by proof of the performance by the defendant of any one of the said acts.  *Commonwealth* v. *Dolan*, 121 Mass. 374.  *Commonwealth* v. *St. Pierre*, 175 Mass. 48.  *Commonwealth* v. *Ahern*, 228 Mass. 547.  In such circumstances the Commonwealth had the choice of proving that the defendant violated the statute in all or in only one of the ways alleged and the defendant could not be prejudiced if the Commonwealth limited its proof to a single method.  If the district attorney had not entered a *nolle prosequi** the defendant would have been entitled at the close of the evidence to an instruction

---

* Before trial the district attorney entered a *nolle prosequi* of "so much of the . . . complaint as charges 'induce and' and 'resort to and.'" — REPORTER.

that there was no evidence to show that the defendant had induced the woman to resort to her premises for the illegal purpose. *Commonwealth* v. *Barney*, 258 Mass. 609. If the remaining portions of the complaint contained all the elements essential to set forth the offence charged, then the allegations that were not proved could be properly regarded as surplusage. *Commonwealth* v. *Snow*, 269 Mass. 598. *Commonwealth* v. *Jaffas*, 284 Mass. 417. The action of the prosecuting officer did not destroy the identity of the offence charged, and he could prove the offence by showing that the defendant violated the statute in one of the ways alleged. *Commonwealth* v. *Holmes*, 119 Mass. 195. *Commonwealth* v. *Uhrig*, 167 Mass. 420. See *Commonwealth* v. *Tuck*, 20 Pick. 356; *Commonwealth* v. *Dunster*, 145 Mass. 101; *Commonwealth* v. *Wakelin*, 230 Mass. 567; *Miller* v. *United States*, 47 Fed. (2d) 120; *People* v. *Cohen*, 307 Ill. 87; *McGrane, petitioner*, 47 R. I. 106; *Doupe* v. *State*, 130 Tex. Cr. 390.

The defendant excepted to the exclusion of evidence tending to show that the defendant's premises were "well kept up"; that the witnesses who lived in other apartments in the same house with the defendant were not annoyed and heard nothing to indicate any improper conduct in the defendant's apartment. The defendant was not charged with maintaining a nuisance at common law and the evidence was not of sufficient probative value to render its exclusion reversible error. *Commonwealth* v. *Kimball*, 7 Gray, 328. *Commonwealth* v. *Clark*, 145 Mass. 251. The defendant excepted to the judge's refusal to permit an officer who was watching the premises to state whether the men he had seen entering the building in which the defendant lived appeared to be "straight forward honest people." He subsequently testified that he did not know them and that he did not know whether they were book agents or salesmen. If the question called for anything more than an opinion, the defendant was not harmed, since the answer, in substance, was that from their appearance they might have entered the defendant's premises for a proper purpose.

The judge properly admitted the evidence of conversations

in the presence of the defendant between the officers and different men who came to the defendant's apartment, one of whom stated that he came there for an immoral purpose, and also the conversation between one of the officers and a woman, who, the jury would be warranted in finding, had been interrupted in an immoral transaction with a man by a warning given by the defendant upon the arrival of the officers. This conversation was in substance repeated to the defendant by the officer who then questioned her concerning it. *Commonwealth* v. *Kimball,* 7 Gray, 328. *Commonwealth* v. *Cardoze,* 119 Mass. 210. *Commonwealth* v. *Bagdasarian,* 257 Mass. 248. One of the officers had a warrant for the defendant's arrest but there was nothing to show that the defendant had been arrested up to the time of her conversations with the officers. *Commonwealth* v. *Merrick,* 255 Mass. 510. *Commonwealth* v. *Biggs,* 293 Mass. 235. The jury could find that the situation presented by the arrival of the visitors was such as called for an explanation from the defendant, and that her silence was not consistent with her innocence of the charge. *Commonwealth* v. *Brown,* 121 Mass. 69, 80. *Commonwealth* v. *Brothers,* 158 Mass. 200, 206. Moreover, when one of these visitors had stated his purpose, the woman, whom the Commonwealth charged the defendant permitted to remain in her home, shrugged her shoulders and the defendant, in reply to a question of the officer, said "what can I say." The evidence was competent even if we assume, contrary to the record, that she was at that time under arrest. *Commonwealth* v. *Spiropoulos,* 208 Mass. 71. *Commonwealth* v. *Gangi,* 243 Mass. 341. *Commonwealth* v. *Morris,* 264 Mass. 314.

The defendant was not harmed by the exclusion of the questions to the police officer, who swore to a complaint charging the defendant with being an idle and disorderly person, as to what information he had that she was such a person at the time he made this complaint in the District Court, because a verdict was directed for the defendant upon this complaint.

The refusal of the judge to permit the defendant's counsel to continue his argument concerning two other well

known criminal cases in which the defendants were the victims of a mistake in identity was proper. Here there was no question of identity. *Commonwealth* v. *Anderson,* 245 Mass. 177. *Commonwealth* v. *Donoghue,* 266 Mass. 391.

The charge was comprehensive and accurate and there was no error in refusing to give the defendant's requests for instructions. It is not necessary to discuss them in detail or the various other exceptions. None of them discloses any reversible error. The refusals to grant the motions for new trials were matters of discretion. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482. *Commonwealth* v. *Vandenhecke,* 248 Mass. 403. There was no error in refusing to grant the defendant's requests for rulings upon these motions. Some of these requests were based upon matters that occurred at the trial and she cannot as a matter of right raise them by a motion for a new trial. *Commonwealth* v. *Barney,* 258 Mass. 609. *Commonwealth* v. *Cero,* 264 Mass. 264.

<div align="right">

*Exceptions overruled.*