COMMONWEALTH *vs.* GEORGE F. RIVERS.

Franklin.    September 18, 1940. — November 1, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Practice, Criminal,* Exceptions: sufficiency of bill, whether error shown. *Error,* Whether shown.

The question of the admissibility, at the trial of an indictment charging the defendant with keeping a house of ill fame, of evidence of a conversation with a woman on the premises could not be determined by this court where the bill of exceptions did not purport to set out all evidence relevant to such question.

COMPLAINT, received and sworn to in the District Court of Eastern Franklin on May 1, 1937.

On appeal to the Superior Court, the case was tried before *Butterworth,* J., a judge of a District Court.

*W. R. Scharton,* for the defendant.

*J. W. Heselton,* District Attorney, for the Commonwealth.

RONAN, J.    The defendant was convicted of keeping a house of ill fame in violation of G. L. (Ter. Ed.) c. 272,

§ 24.   The defendant, a widower, fifty-four years of age, had occupied these premises as his home for several years. A woman twenty-nine years of age, who was employed as his housekeeper, also lived there.   One Mrs. Roche was living there as a guest of the housekeeper.   At about forty-five minutes after one o'clock on the morning of April 25, 1927, two State police officers accompanied by two other persons called at the defendant's home.   They were admitted by the housekeeper.   One of the men asked her for intoxicating liquor.   She referred him to the defendant, who had retired for the night and was in his bedroom which led off the kitchen.   This man went into the defendant's room and asked the defendant for liquor.   His request was refused.   In the meantime Roche, dressed in a kimono, came downstairs.   She went with one of the men into the front hall.   He was allowed to testify, subject to an exception, that she solicited him to go upstairs for the purpose of having intercourse with her and that she told him what the price would be, a part of which she stated "was for the house."   The admission of this evidence is the only question raised by the bill of exceptions.

It is settled that, in a prosecution for keeping a disorderly house or a house of ill fame, evidence is admissible to show the bad character for chastity of women who lived in or frequented the house and the character of their conversations there as tending to show the character of the house, but that conversations by them outside the house and not in the presence of the defendant are merely hearsay and therefore are not competent evidence.   *Commonwealth* v. *Harwood*, 4 Gray, 41.   *Commonwealth* v. *Kimball*, 7 Gray, 328.   *Commonwealth* v. *Gannett*, 1 Allen, 7.   *Commonwealth* v. *Davenport*, 2 Allen, 299.   *Commonwealth* v. *Sliney*, 126 Mass. 49.   *Commonwealth* v. *Clark*, 145 Mass. 251.   *Commonwealth* v. *Bagdasarian*, 257 Mass. 248.   *Commonwealth* v. *Martin*, 304 Mass. 320.

This bill of exceptions does not purport to set out all the material facts relative to the admission of the evidence in question and the Commonwealth raises this point.   Exceptions that are so framed that we cannot determine from

them alone whether the evidence was rightly or wrongly admitted must be overruled. We cannot say, in the absence of anything to the contrary, that the testimony introduced at the trial was not such as to render this evidence admissible. *Parmenter* v. *Coburn*, 6 Gray, 509. *Day* v. *Moore*, 13 Gray, 522. *Gates* v. *Mowry*, 15 Gray, 564. *Commonwealth* v. *Collins*, 16 Gray, 29. *Graves* v. *Jacobs*, 8 Allen, 141. It was the duty of the defendant to include in his bill of exceptions all the evidence pertinent to the point if he desired a decision upon a ruling of law. *Commonwealth* v. *McIntosh*, 259 Mass. 388. *DeFilippo* v. *DiPietro*, 265 Mass. 186. *MacDonald* v. *Adamian*, 294 Mass. 187. *Sears, Roebuck & Co.* v. *Hinde*, 295 Mass. 110.

The defendant admitted that he owned and controlled the house; whether this fact in conjunction with the testimony of Roche's conduct would be sufficient to sustain a conviction — see *Commonwealth* v. *Lambert*, 12 Allen, 177; *Commonwealth* v. *Hagan*, 152 Mass. 565 — has not been considered because it has not been raised by the exceptions. *Commonwealth* v. *Cardoze*, 119 Mass. 210, 211. *Commonwealth* v. *Warren*, 161 Mass. 281, 283.

*Exceptions overruled.*