## COMMONWEALTH *vs.* JOHN M. FLYNN & another.

Suffolk.    November 25, 1895. — January 3, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Robbery — Evidence — Trial.*

It is competent, upon the trial of an indictment for robbery, to show the effect of the assault upon the person assaulted.

At the trial of an indictment for robbery, a witness having testified to facts which tended to prove an alibi for the defendant, and that his attention was called to the robbery on the next day after it occurred, and he then thought of the defendant, the government, on cross-examination, for the purpose of fixing the time and testing his accuracy, is rightly permitted to ask him the question, "Did you associate the defendant with the robbery?"

At the trial of an indictment for robbery from M., a witness for the defendant testified that at the time of the robbery he was with the defendant in another city. It appeared that he had been arrested for complicity in the offence, and brought before M. for identification. He was asked, on cross-examination, "M. did not identify you as the man who assaulted her?" to which he answered, "No. I don't know as she saw me. I saw her. She could have seen me, if she looked." *Held*, that the question and answer were properly admitted.

A police officer who is a witness in a criminal case may be permitted to refresh his recollection of what he said at a particular time by looking at a book in which his report of other proceedings at that time was entered.

At the trial of an indictment for robbery from M., upon being asked who her assailant was, she designated the defendant. In his charge to the jury, the judge, referring to the testimony of M., said, "She identifies him here at the trial with-

out hesitation." The attention of the judge having been directed afterwards to this remark, he said to the jury, "I was then depending upon my recollection. It is for you to say what the evidence is." *Held*, that no error appeared.

INDICTMENT, against John M. Flynn and James Droney, for robbery. Trial in the Superior Court, before *Lilley*, J., who allowed a bill of exceptions, in substance as follows.

The government called Florence Meakin, who testified that she was assaulted and robbed by the defendants acting together, at five minutes past eight o'clock, on the evening of August 1, 1894, on May Street, in that part of Boston called Jamaica Plain. She was then asked by the district attorney, " Who were your assailants ? " In reply she named and designated the defendants.

The defence was an alibi, and an issue of fact raised was the identity of the defendants.

The government also called Dr. James P. Broderick, who testified that he attended Miss Meakin after nine o'clock on the evening of the robbery, and she was then in a hysterical condition ; that he attended her the morning after the robbery, and also attended her the next morning thereafter; and that she was hysterical on both occasions. To the admission of this evidence the defendants excepted.

William Schneider, a witness for the government, testified that he had known Miss Meakin for some time before the robbery, and just before it occurred " she looked very well " ; that he saw her several times after the robbery, and saw her at her house after her return from an asylum; and that on this occasion her health was poor and her condition was hysterical. To the admission of this evidence the defendants excepted.

The defendants called one James T. Kelley, who testified, in substance, that he was with the defendant Flynn on the night of the robbery shortly before eight o'clock at a place so far remote from the scene thereof as to make it impossible for Flynn to have participated therein.

On cross-examination as to his means of fixing the time of the occurrence and the time of the robbery, the district attorney, against the defendants' objections, was allowed to ask this witness the question, " Did you associate Flynn with the robbery ? " to which the witness replied, " Yes " ; the witness having previously said, on cross-examination, that his attention was called

to the robbery on the day succeeding it, and that he then thought of Flynn. To the admission of this question and answer the defendants excepted.

One Albert Brown, a witness for the defendants, testified that he was with the defendant Droney, at the time of the robbery, in the city of Worcester. It appeared from the evidence in chief of this witness, that he had been arrested for complicity in this offence and held in the lock-up at Jamaica Plain, and brought before Miss Meakin there by the officers for identification.

On cross-examination, against the defendants' objection, the following question was put: "Miss Meakin did not identify you as the man who assaulted her?" and he answered "No. I don't know as she saw me. I saw her. She could have seen me if she looked." To the admission of this evidence the defendants excepted.

In rebuttal, the government called John H. Connor, a police officer, who testified that on the day of the robbery he saw the defendant Flynn and the witness Brown together, on Centre Street in Jamaica Plain; that he fixed the time from the circumstance of the stealing of some electric wire which he reported to the police station at or about the time of the robbery; that his attention was called to the robbery in January; and that then, at the police station, he looked at a book of records of the police station. A book was then shown to the witness, whereupon he was asked, against the defendants' objection, " Is this the book you looked at? Is the report you made contained in that book?" To both of which questions he answered, " Yes." Neither the book nor report which it was said to contain was read to the jury. To these questions and answers the defendants excepted.

In the course of his charge to the jury, and referring to the evidence of Miss Meakin and the matter of the identity of the defendants, the judge said, " She identifies them here at the trial without hesitation."

At the end of the charge the defendants excepted to so much thereof as is comprised in the words above quoted. The judge thereupon, and referring to the use of the words to which the defendants took exception, instructed the jury as follows: " I was then depending upon my recollection. It is for you to say

what the evidence is." Whereupon the defendants renewed their exception.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*J. W. Corcoran*, (*D. B. Ruggles* with him,) for the defendants.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth.

KNOWLTON, J. The evidence objected to was rightly admitted. Upon an indictment for a robbery it is always competent to show the effect of the assault upon the person assaulted. The physician who attended Florence Meakin for two days after the robbery might well testify that she was hysterical when he saw her. The testimony of the witness Schneider was not admitted as the opinion of an expert, but as a description of the appearance of the person robbed, and of her apparent physical condition before the robbery and after it. *Commonwealth* v. *Sturtivant*, 117 Mass. 122, and cases cited. The witness Kelley, having testified to facts which tended to prove an alibi for the defendant Flynn, and having said that his attention was called to the robbery on the next day after it occurred, and that he then thought of Flynn, the government, in cross-examination, for the purpose of fixing the time and testing his accuracy, was rightly permitted to ask him the question, "Did you associate Flynn with the robbery?"

The witness Brown had testified that he was in Worcester with the defendant Droney at the time of the robbery, and the defendants were not injured by the question put to him in cross-examination, "Miss Meakin did not identify you as the man who assaulted her?" and by his answer, "No. I don't know as she saw me. I saw her. She could have seen me if she looked."

No error appears in permitting the witness Connor to refresh his recollection by looking at the book in which his report was entered.

The only other exception is to a remark of the judge in the course of his charge referring to the testimony of Miss Meakin: "She identifies them here at the trial without hesitation." It is contended that the meaning of the word " identify " is to prove identical, or to prove to be the same, and that therefore

the remark was an expression of opinion in regard to the credibility of the witness, and not a mere statement of a part of the evidence. Pub. Sts. c. 153, § 5. *Commonwealth* v. *Foran*, 110 Mass. 179, 180. It is not disputed that she testified without hesitation to her identification of the defendants as her assailants, and we think it clear that the judge used the word " identifies " in reference to her testimony in a colloquial sense as meaning " asserts their identity. " We do not think the jury could have been misled by the remark. Moreover, when his attention was directed to it, he said to the jury, " I was then depending upon my recollection. It is for you to say what the evidence is." It was plainly his purpose to have the jury understand that they were not to consider his opinion of the credibility of the witness, if he had seemed to express it.

*Exceptions overruled.*