COMMONWEALTH *vs.* LEON M. RANDALL.

Suffolk.    May 23, June 2, 1927.— June 29, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Criminal,* Bill of particulars, Assignment of errors, New trial, Arrest of judgment, Order of evidence.   *Homicide.*

An indictment charged that the defendant "did assault and beat . . . and by such assault and beating did kill" a certain person.  In answer to a motion by the defendant for particulars, the Commonwealth stated that the time and place of the alleged crime were "substantially as set forth in the indictment," that the cause of death relied on was "fracture of the skull," that "no use of a weapon is alleged in the commission of the offence," and declined to answer further as to the means by which the offence was committed or as to the "overt acts the Commonwealth alleges the defendant committed."   The defendant moved for further particulars as to the time and place of the alleged crime, the means by which it was alleged to have been committed, and that "a statement of just what overt acts the Commonwealth alleges the defendant committed be given whereby if the Commonwealth so contends the death" resulted.   The motion was denied.   *Held,* that the charge was "fully, plainly, substantially and formally" described, and the motion properly was denied.

At the trial of the indictment above described, a medical examiner testified that the cause of the death of the deceased "was an infection of the injury to the membrane surrounding the brain, following a fracture of the skull, with contusion of the brain."   There was evidence that the defendant was a police officer; that, when the deceased entered a lunch cart where the defendant was, the defendant without provocation caught hold of him and threw him out, as a result of which his skull was fractured; that later the deceased was found on the sidewalk suffering from a blow on the head and that he died six days afterwards.   The defendant was found guilty of manslaughter.   *Held,* that

   (1) The question of the defendant's guilt was for the jury;
   (2) It could not have been ruled that there was a variance between the proof and the allegations of the indictment and of the bill of particulars.

An exception, saved at the trial of an indictment for manslaughter but not contained in an assignment of errors filed under St. 1926, c. 329, is not properly before this court.

At the trial of an indictment for manslaughter, counsel for the defendant in his argument on the question of the identity of the defendant with the perpetrator of the crime made reference to another case tried in the Superior Court where the question of the defendant's identity was involved, and was proceeding to relate the details of that case, when he was interrupted by the judge, who said that the facts in that particular case were not in evidence in the case on trial, and further said to counsel, "You may make any suggestions you want to make along that line, you can make any suppositions you want to." *Held,* that the action of the judge was not error.

INDICTMENT, found and returned on December 21, 1926, charging manslaughter on December 4, 1926, as stated in the opinion.

The defendant moved for particulars as to the following facts:

"(a) The time and place of the alleged crime.

"(b) The means by which it is alleged to have been committed.

"(c) If the Commonwealth alleges that a weapon was used that a description of the said weapon be given.

"(d) If the Commonwealth alleges that no weapon was used, that a statement of just what overt acts the Commonwealth alleges the defendant committed be given whereby if the Commonwealth so contends the death of one John J. Ramsay resulted.

"(e) The cause of the death of said John J. Ramsay as relied on by the Commonwealth."

The Commonwealth answered the motion as follows:

"(a) Substantially as set forth in the indictment.

"(b) The Commonwealth declines to answer.

"(c) No use of a weapon is alleged in the commission of the offence.

"(d) The Commonwealth declines to answer.

"(e) Fracture of the skull."

The defendant by his attorney orally moved for further particulars. The motion was denied by *Fosdick*, J.

The indictment was tried before *Bishop*, J., on January 13–18, 1927, and the defendant was found guilty. On January 22, 1927, the defendant filed a claim of appeal. On February 23, 1927, a transcript of the evidence was submitted to

the clerk of the court.  On March 2, 1927, the summary of the record was prepared and notice was given to the defendant's attorney.  On March 11, 1927, twenty-three assignments of error were filed.

The first assignment set out exceptions by the defendant to a denial of the defendant's motion that the Commonwealth state further particulars as to (a), (b) and (d) in the defendant's motion above quoted.  The second, eighth, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth assignments referred to exceptions saved by the defendant to the admission of questions asked in direct examination of witnesses for the Commonwealth and objected to by the defendant by reason of their form.

The fifteenth assignment of error set forth exceptions which were therein described as "to the admission by the court of a hypothetical question asked by the district attorney which was predicated upon facts which did not appear in the evidence and its form was extremely prejudicial to the defendant."  The question was asked of Dr. Timothy Leary, the medical examiner, and was: "Doctor, assume that a man was kicked or pushed through a doorway with such force that when he was next seen he was lying on his back at the foot of four or five steps leading from that doorway, with his head turned towards his right shoulder, and blood appeared on or near his right ear, would a fall under such a condition account for the physical condition that you found in your examination?" to which the judge added: "Assuming that when he was next seen, say within two or three or five seconds after he went through the doorway."  The witness answered, "Yes."  The examiner previously had testified that "Cause of death was an infection of the injury to the membrane surrounding the brain, following a fracture of the skull, with contusion of the brain."

The sixteenth assignment of error referred to the eighteenth exception by the defendant which, by the reference to the transcript of testimony given in the assignment of errors, was shown to be to the denial of a motion, made by the defendant at the close of the evidence for the Commonwealth, that a verdict of not guilty be ordered on the following grounds:

"1. A variance between the proof and the bill of particulars, in that the proof avers that said death was caused by streptococcus poisoning and the bill of particulars as due to a fractured skull.

"2. That the proof also sets forth as a cause of death—dilatation of the heart and the bill of particulars a fractured skull.

"3. That upon all the evidence as presented it is insufficient upon which to permit a jury to find the defendant guilty."

The defendant refused to rest on the evidence of the Commonwealth, and the judge denied the motion. A similar motion was made by the defendant at the close of all the evidence and was denied subject to an exception by the defendant which was numbered 23; but there was no assignment of error with respect to this twenty-third exception.

The seventeenth and eighteenth assignments were not argued by the defendant.

The nineteenth assignment stated that it "was an objection to the admission by the court of a question asked by the district attorney which was extremely leading and assumed a fact not in evidence and was therefore improper and prejudicial to the defendant." The exception was to the admission, in direct examination in rebuttal by the Commonwealth of a lieutenant of police who had just testified that the companion of the deceased on the night of the alleged crime was "Perfectly sober," of the question, "What did you do to determine that; what did you do, sir?" The witness answered: "I talked with him. He talked intelligently, coherently." The further question was then asked by the district attorney: "You talked with him. What else did you do?" The witness answered: "And I also smelled of his breath."

The twentieth assignment of error stated that it set forth an exception "taken to a ruling of the court in refusing to allow the defendant in his closing argument to give as an example of mistaken identity a case which had come up in the same court room sometime before, the defendant claiming that this case involved a question of mistaken identity and that he should be allowed to give an example as a means of explaining to the jury what was meant by mistaken identity."

The twenty-first assignment was to the refusal by the judge to grant the defendant's requests for the following rulings:

"2. Upon all the evidence in the case the jury is not warranted in finding the defendant guilty of manslaughter."

"12-A. That if the decedent died from streptococcus poisoning, the defendant is not guilty of manslaughter.

"12-B. That the jury would be warranted in finding the cause of death a cause most consistent with the defendant's innocence, and if of the three alleged causes streptococcus poisoning, dilatation of the heart, or fractured skull, streptococcus poisoning could not be due to the act of the defendant, the defendant is entitled to an acquittal of the charge of manslaughter.

"12-C. If streptococcus poisoning in and of itself is an adequate cause of death, and this is a cause of death of Ramsay, the jury must find the defendant not guilty."

The twenty-third assignment of error stated that it was to "the refusal of the presiding justice to grant a new trial upon a motion presented by the defendant in writing, it being contended by the defendant that the verdict was against the law and against the weight of the evidence," and referred to a page in the transcript of the proceedings of the trial where there was set forth an exception to the denial of the motion for a new trial and of a motion as to arrest of judgment.

*M. Caro,* (*G. Broomfield* with him,) for the defendant.

*W. H. McDonnell,* Assistant District Attorney, (*J. A. Scolponeti,* Assistant District Attorney with him,) for the Commonwealth.

CARROLL, J.   The defendant, a police officer in the city of Boston, was found guilty of manslaughter, the indictment alleging that on December 4, 1926, he "did assault and beat one John J. Ramsay, and by such assault and beating did kill the said John J. Ramsay." There was evidence that Ramsay and a companion named Munzert entered a lunch cart, called the Tumble Inn, where the defendant was seated; that when they appeared the defendant took hold of Munzert and threw him into the street and then caught hold of Ramsay and threw him out; that as a result of the assault

Ramsay's skull was fractured, and he died on December 10, 1926, from the fracture of his skull. The defendant denied that he was in the lunch cart on December 4, and denied that he assaulted Ramsay. He testified that he found Ramsay on the sidewalk; that he was intoxicated; and that he was placed in the police wagon and carried to the police station.

1. The defendant moved for a bill of particulars. The Commonwealth answered that the time and place of the alleged crime were "substantially as set forth in the indictment," that the cause of death relied on was "fracture of the skull," that "no use of a weapon is alleged in the commission of the offence," and declined to answer further as to the means by which the offence was committed or as to the "overt acts the Commonwealth alleges the defendant committed." There was no error in denying the defendant's motion for further particulars. The charge against him was "fully, plainly, substantially and formally" described. It was not contended nor was it alleged that a weapon was used in the commission of the crime. The details of the assault and battery in relation to the fatal result were not required. *Commonwealth* v. *Wakelin,* 230 Mass. 567, 571. *Commonwealth* v. *Anderson,* 245 Mass. 177, 184.

The city or town in which the offence was committed is not stated in the indictment; but no contention is made by the defendant that he was harmed by the Commonwealth's failure to mention the place of the crime or that he desired further information on this point. The question is not argued and we treat it as waived.

2. The medical examiner fully described the wound and testified that the cause of Ramsay's death was fracture of the skull; that the autopsy was performed December 10; that the immediate cause of death was bronchial pneumonia; that septic meningitis followed the fracture of the skull. He also testified that the immediate cause of death was acute dilation of the heart, this is "the immediate cause of death in practically all human beings"; that he examined the pus, that the sepsis was caused by "Haemolin streptococci"; that the streptococci might have come into the body from

breathing or may have been dormant in the body for some time; that the fracture of the skull was extensive, undermining a large part of the frontal lobe of the brain, and resulting in a hemorrhage in the space between the brain and skull and, as a secondary process, the septic infection of the membranes.

Three witnesses called by the Commonwealth identified the defendant. They testified, in substance, that he was in the lunch cart when Ramsay and Munzert entered; that without provocation he assaulted Ramsay and forcibly removed him. There was evidence that Ramsay was found on the sidewalk suffering from the wound; that as a result of this wound he died on December 10. The guilt or innocence of the defendant was a question for the jury to decide. The judge could not rightfully allow the defendant's motion for a directed verdict of not guilty. There was evidence of the cause of death, and it could not be ruled that there was a variance between the proof and the allegations. The jury were correctly instructed on the contentions as to the cause of death. *Commonwealth* v. *Hackett,* 2 Allen, 136, 142. There was evidence that the cause of death was fracture of the skull. *Commonwealth* v. *Blood,* 141 Mass. 571.

3. During the course of the argument by defendant's counsel, when discussing the cause of death, he contended that, if the deceased died from "a pus colony in his body which reached his heart," the defendant was not guilty of manslaughter. At this point the assistant district attorney objected and his objection was sustained. This exception is not to be found in the assignment of errors and is not properly before us.

While arguing on the question of the identity of the defendant, his counsel made reference to another case tried in the Superior Court where the question of the defendant's identity was involved and was proceeding to relate the details of that case, when he was interrupted by the judge, who said that the facts in that particular case were not in evidence in the case on trial; and further said to counsel, "You may make any suggestions you want to make along that line, you can make any suppositions you want to."

The defendant's counsel was not prevented from arguing that the witnesses for the Commonwealth were mistaken in their identification of the defendant, and he fully argued this point. There was no error in refusing to allow him to argue on the facts in another case, which were not before the jury in the case on trial. See *Commonwealth* v. *Anderson, supra,* pages 186, 187.

4. Complete and accurate instructions were given the jury. The defendant's requests in so far as they were correct statements of law were amply covered in the charge. See *Commonwealth* v. *Devlin,* 141 Mass. 423. The motions for a new trial and arrest of judgment were addressed to the sound discretion of the trial judge. There is nothing in the record before us to show that his discretion was not exercised in a judicial manner. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 22–25. *Commonwealth* v. *Sacco,* 259 Mass. 128.

5. Several exceptions were taken by the defendant concerning the order of proof and to evidence introduced by the Commonwealth. The order of proof was within the discretion of the trial judge; the preliminary evidence was subsequently supported. *Commonwealth* v. *Coyne,* 228 Mass. 269, 270. We have examined all the exceptions of the defendant to the admission of evidence and find no error in its admission. The evidence offered by the defendant was excluded properly by the trial judge. See *Commonwealth* v. *Flynn,* 165 Mass. 153; *Commonwealth* v. *Dorr,* 216 Mass. 314, 318.

There was no error in the conduct of the trial.

*Exceptions overruled.*