COMMONWEALTH *vs.* WILLIAM ROLAND.

An indictment torn into three pieces which may be so united without the omission of any material word as to restore it substantially to the form in which it was presented in court by the grand jury, is sufficient as a basis for further legal proceedings.

INDICTMENT in the form usual under the Gen. Sts. *c.* 87, for keeping a liquor nuisance. In the superior court a verdict of guilty was returned against the defendant, who at the time of the motion of the attorney for the government for sentence, objected, and filed a motion in arrest of judgment, for the alleged reason that since the trial the indictment had been so mutilated that sentence could not be pronounced thereupon.

By inspection of the indictment it appeared that the mutilation consisted in the tearing of the word "Commonwealth" in the caption thereof, in such a manner that the letter "h" alone

Commonwealth *v.* Roland.

remained unmutilated, and the word could no longer be recognized; and also in the tearing out entirely of the words " Essex, to wit" from said caption, while in the body of the indictment the residence of the defendant and the location of the tenement were alleged as " in said county of Essex." But it appeared also that, by uniting to the paper the torn-off portions, the indictment could be restored substantially to its original form.

The attorney for the government called the clerk of the superior court as a witness, for the purpose of proving that, on the trial, when the case was committed to the jury, he delivered to them the indictment whole, and they returned it in its present condition. This testimony was admitted, against the defendant's objection, by *Lord*, J., who overruled the motion in arrest of judgment; and the defendant alleged exceptions.

Various other exceptions, which were taken by the defendant at the trial, were waived at the argument in this court.

*N. Richardson*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

By THE COURT. The accidental mutilation of the indictment by cutting it into several pieces does not destroy its identity or prevent its being restored to a condition in which it can be rendered intelligible and substantially complete in all essential particulars. When the parts are united, as can readily be done without danger of mistake, by joining together words which have been severed, there will be no material omission of any averment, or even word, contained in the indictment as presented in court by the grand jury. This is manifest from inspection. It cannot therefore be properly said that the indictment is destroyed or in such condition as to be rendered unfit to be the basis of further proceedings. *Exceptions overruled.*