LUCY A. H. ROBINSON & another *vs.* COMMONWEALTH.

An indictment under the Rev. Sts. *c.* 125, § 17, for threatening to accuse of crime is bad, if it contains no averment that the threats charged were made "either verbally or by any written or printed communication."

WRIT OF ERROR to reverse a judgment of the municipal court of the city of Boston, rendered at August term 1857. The plaintiffs in error, Lucy A. H. Robinson, a married woman, and Daniel S. Holman, had been convicted on an indictment under the Rev. Sts. *c.* 125, § 17, charging that they "maliciously did threaten one Donald McDonald to accuse said McDonald of having committed the crime of adultery with the said Lucy A. H. Robinson, with a view and with the intent" of extorting money from McDonald  The error assigned was that it did not

appear whether the defendants threatened " verbally or by written or printed communication." Plea, *in nullo est erratum.*

*F. F. Heard,* for the plaintiffs in error.

*C. Allen,* Attorney General, for the Commonwealth. It is immaterial whether the plaintiffs in error threatened verbally or by written or printed communication. Whatever the means, the crime is the same, and so is the punishment. *Regina* v. *Tiddeman,* 4 Cox Crim. Cas. 387. *Commonwealth* v. *O'Brien,* 12 Cush. 84. Train & Heard Prec. 470, 471. Whart. Prec. (2d ed.) 505.

WELLS, J. The statute upon which this indictment was brought makes the offence to consist in threatening, " either verbally or by any written or printed communication," to accuse, &c. Rev. Sts. *c.* 125, § 17.

The indictment contains no averment that the threats charged were made in either form. If it were impossible that such a threat could be indicated without written or spoken words, it might be held that the offence was fully charged in the indictment as it stands, and so the omission be regarded as immaterial. But it does not appear to us to be so. In certain possible positions of the parties, and in connection with surrounding circumstances, acts, signs and looks may be equally significant with words, and equally effective for the purpose of extorting money. But such threats are not within the terms of the statute. The words " either verbally or by any written or printed communication " are part of the description of the offence ; and neither being averred in the indictment, no offence at all is charged. Everything essential to constitute the offence must be alleged, or a conviction will be ineffectual. *Hopkins* v. *Commonwealth,* 3 Met. 460, 467. *Commonwealth* v. *Dana,* 2 Met. 329, 343. *Commonwealth* v. *Clifford,* 8 Cush. 215. *Commonwealth* v. *Bean,* 11 Cush. 414. *Judgment reversed.*