COMMONWEALTH *vs.* JULIUS BRACY.

Suffolk.    January 4, 1943. — January 27, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*Pleading, Criminal,* Indictment.  *Practice, Criminal,* Amendment, Sentence.

An indictment, originally drawn under G. L. (Ter. Ed.) c. 272, § 7, which, as left to the jury at the close of the evidence, charged only that the defendant on certain dates, knowing a named woman "to be a prostitute, did share in such earnings, proceeds and moneys," set forth no crime, and, even if the jury understood that the word "such" comprehended the woman's earnings or the proceeds of her prostitution and there was evidence of the defendant's guilt of crime under § 7, judgment on the indictment following a verdict of guilty should have been arrested.

A change by elision of certain words by a trial judge from an indictment properly charging a crime under § 7 of G. L. (Ter. Ed.) c. 272, which was made at the close of evidence showing such an offence and which changed the indictment so that it failed to charge any crime, even if treated as an amendment, was not authorized by § 35A of G. L. (Ter. Ed.) c. 277, since the change was one of substance.

INDICTMENT, found and returned on November 5, 1941.

The case was tried before *O'Connell,* J.  After a verdict of guilty, a motion in arrest of judgment was denied.  The defendant alleged exceptions.

*H. F. Callahan,* for the defendant.

*E. M. Sullivan,* Assistant District Attorney, for the Commonwealth.

Cox, J.  The indictment charged that the defendant, on certain dates, "knowing one Norma Ferguson to be a prostitute, did live and derive support and maintenance, in whole or in part, from the earnings and proceeds of her prostitution, from moneys loaned, advanced to and charged against her by a keeper and manager and inmate of a house and place where prostitution was practiced and allowed, and did share in such earnings, proceeds and moneys."  G. L. (Ter. Ed.) c. 272, § 7.  There was evidence that the defendant

knew that Ferguson was a prostitute and that she paid money to him that she had received as a result of her prostitution. At the close of the evidence, and after a conference with the assistant district attorney, the trial judge read the whole indictment to the jury and then told them that there was no evidence that warranted any further consideration by them of that part of the indictment that set out that the defendant "did live and derive support" down to the words "was practiced and allowed," and that the jury would be concerned only with that part of the indictment that stated that the defendant, "knowing one Norma Ferguson to be a prostitute did share in such earnings, proceeds and moneys."

In his instructions to the jury, the trial judge said: "Before arguments started I instructed you to disregard certain portions of the indictment and I shall now restate it in order that there be no misunderstanding. The indictment reads that one Bracy, . . . 'knowing one Norma Ferguson to be a prostitute' now strike out 'did live and derive support and maintenance, in whole or in part, from the earnings and proceeds of her prostitution, from moneys loaned, advanced to and charged against her by a keeper and manager and inmate of a house and place where prostitution was practiced and allowed' and continue 'did share in such earnings, proceeds and moneys'; so that the indictments, naming . . . [the] defendant, will read 'on the 10th day of September, 1941 and on divers other days and times between that day and the day of the presentment of this indictment, knowing one Norma Ferguson to be a prostitute, did share in such earnings, proceeds and moneys.'"

After the jury had returned a verdict of guilty, an examination of the indictment showed that, as submitted to and sent out with the jury, it contained a parenthesis after the words "knowing one Norma Ferguson to be a prostitute," and before the words "did live and derive support," and a parenthesis after the words "practiced and allowed, and" and before the words "did share in such earnings," that lines had been drawn through all the words in the indictment between the parentheses, and that on the margin of

it, opposite the portion that had been lined out, there was a notation in the handwriting of the judge, as follows: "Out as directed by Court." This notation had a bracket beneath it which included the lines of the indictment that had been lined out.[1] After verdict and before sentence, the defendant filed a motion in arrest of judgment, in which it was alleged, in substance, that the indictment, as submitted to the jury, did not aver everything essential to constitute the offence purported to be charged against the defendant; that the indictment, as submitted, set out no crime known to law; that the conviction was ineffectual and that the judge had no jurisdiction to impose judgment on said indictment. This motion was denied, subject to the defendant's exception. The defendant was sentenced to State prison, and it does not appear from the record that there was any stay of execution of the sentence.

The defendant does not contend that the indictment, as returned by the grand jury, infringed any of his constitutional rights. Constitution, Declaration of Rights, art. 12. G. L. (Ter. Ed.) c. 277, § 17. The indictment is substantially in the words of G. L. (Ter. Ed.) c. 272, § 7, and this is generally sufficient as matter of criminal pleading. *Commonwealth* v. *Pentz*, 247 Mass. 500, 505, and cases cited. Said § 7 describes several acts, all of which are alleged in the indictment, see St. 1910, c. 424, § 5; St. 1914, c. 621; *Commonwealth* v. *Peretz*, 212 Mass. 253, 254, and a conviction upon such an indictment is supported by proof of the commission of any one of the acts alleged. *Commonwealth* v. *Martin*, 304 Mass. 320, 322, 323, and cases cited. If the judge had merely withdrawn from the consideration of the

---

[1] The material portion of the indictment as changed is reproduced.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that               JULIUS BRACY

on the tenth day of September in the year of our Lord one thousand nine hundred and forty-one, and on divers other days and times between that day and the day of the presentment of this indictment, knowing one Norma Ferguson to be a prostitute, ~~(did live and derive support and maintenance, in whole or in part, from the earnings and proceeds of her prostitution, from moneys loaned, advanced to and charged against her by a keeper and manager and inmate of a house and place where prostitution was practiced and allowed, and)~~ did share in such earnings, proceeds and moneys.

jury a part of the charge as being without support of evidence, and had thereby left to the jury a material and complete allegation of an offence committed, the defendant would not have been prejudiced. *Salinger* v. *United States,* 272 U. S. 542, 548, 549. *Ford* v. *United States,* 273 U. S. 593, 602. *Commonwealth* v. *Barney,* 258 Mass. 609. *Commonwealth* v. *Martin,* 304 Mass. 320, 323. See *Ex parte Bain,* 121 U. S. 1. The jury is presumed to have followed the judge's instructions, *Commonwealth* v. *Barney,* 258 Mass. 609, 610, and it follows that they proceeded to find the defendant guilty of something that did not constitute a crime. Under the instructions, all that was left of the indictment was that the defendant, knowing one Norma Ferguson to be a prostitute, did share in "such earnings, proceeds and moneys." See *Robinson* v. *Commonwealth,* 101 Mass. 27. The jury were told to disregard essential elements that were necessary to constitute an offence under said § 7, and the indictment, as submitted to the jury, did not embody, in substance, the words of the statute, and, grammatically, the word "such" referred to nothing.

If an indictment fails to allege any fact necessary to constitute an offence, even statutory, it is defective. *Commonwealth* v. *Maxwell,* 2 Pick. 139, 143, 144. *Commonwealth* v. *Proprietors of Newburyport Bridge,* 9 Pick. 142. *Commonwealth* v. *Whitney,* 5 Gray, 85, 87. The Commonwealth contends that the indictment as received by the jury, was one that would enable a person of common understanding to know what was intended. It is undoubtedly true that the trial jury did understand that the word "such" comprehended the earnings of Ferguson or the proceeds of her prostitution, about which they had been hearing evidence. But this fact is not decisive. If the grand jury had returned an indictment in the language as submitted to the jury by the judge, clearly it would have been defective, and where an essential word or clause is omitted from an indictment, such omission is fatal and the essential allegations cannot be supplied by any intendment, argument, inference or implication. *Kutler* v. *United States,* 79 Fed. (2d) 440, 442. *Commonwealth* v. *Proprietors of Newburyport Bridge,* 9 Pick.

142. *Commonwealth* v. *Shaw*, 7 Met. 52, 57. *Commonwealth* v. *Whitney*, 5 Gray, 85, 87. *State* v. *Paul*, 69 Maine, 215, 218. *State* v. *Divoll*, 44 N. H. 140, 142. *People* v. *Kane*, 161 N. Y. 380, 386. The offence must not only be proved as charged, but it must be charged as proved. *Commonwealth* v. *Albert*, 307 Mass. 239, 244, and cases cited. In *Commonwealth* v. *Bean*, 14 Gray, 52, 54, after referring to the rule in civil cases that an insufficient statement of the case might be helped by a verdict, it was said: "But a different and more exact rule prevails in criminal cases, in which it is required, as well by the common law as by the Constitution, that a sufficient case must be stated, to bring the accused within the law, before he is called on for his answer." In that case judgment was arrested after verdict for the reason that the complaint alleged no offence. *Commonwealth* v. *Child*, 13 Pick. 198, 200. It is not contended that the provisions of § 34, of G. L. (Ter. Ed.) c. 277, entitled "Indictments and Proceedings before Trial," have any application.

One purpose of an indictment is to enable the defendant to plead the conviction or acquittal in bar to another prosecution for the same offence. *Commonwealth* v. *Wade*, 17 Pick. 395, 399. See *Commonwealth* v. *DiStasio*, 294 Mass. 273, 277, 278. We think it clear that if the conviction in the case at bar rested upon the indictment as submitted to the jury, or upon the oral instructions of the judge, the defendant would be unable to plead his conviction in bar to another prosecution for the offence of which it is contended he was here convicted.

General Laws (Ter. Ed.) c. 277, § 35A, provides that, upon motion of the district attorney or prosecuting officer, the court may order the complaint or indictment amended in relation to allegations or particulars as to which the defendant would not be prejudiced in his defence. In the absence of an enabling statute, an indictment cannot be amended. *Commonwealth* v. *Snow*, 269 Mass. 598, 605. See *Ex parte Bain*, 121 U. S. 1. In the case at bar it does not appear that the district attorney made any motion to amend the indictment. If we regard what was done as

having been based upon motion, it does not appear that the defendant had any opportunity to be heard. It does appear that, at the close of the evidence and after a conference between the judge and the assistant district attorney, the jury were directed as hereinbefore stated, and that, later in his charge, the judge gave them specific directions as to what part of the indictment they were to consider. From the record, it appears that it was after the return of the verdict that an examination of the indictment showed that material portions of it had been stricken out and that the notation of the judge had been made on its margin. If what was done is treated as an amendment of the indictment, it follows that substantial changes were made in it, as distinguished from changes in matter of form. Such changes are not authorized by the statute. *Commonwealth* v. *Snow,* 269 Mass. 598, 606. It is axiomatic that nothing can be supplied to an amended indictment by inference or implication, any more than to an indictment as returned by the grand jury.

The case at bar is distinguishable from *Commonwealth* v. *Fagan,* 15 Gray, 194, *Commonwealth* v. *Desmarteau,* 16 Gray, 1, 16, and *Commonwealth* v. *Roland,* 97 Mass. 598. See *Commonwealth* v. *Galligan,* 113 Mass. 203, 206.

In whatever way the case is considered, the conclusion is reached that the defendant was convicted of no crime, and that the motion in arrest of judgment ought to have been granted. No court has jurisdiction to sentence a defendant for that which is not a crime. *Commonwealth* v. *Hinds,* 101 Mass. 209. *Commonwealth* v. *Andler,* 247 Mass. 580, 582.

In view of the conclusion reached, we think it is unnecessary to consider other exceptions of the defendant.

*Judgment reversed.*
*Verdict set aside.*