COMMONWEALTH *vs.* RODOLPHE G. BESSETTE.

Suffolk.    January 7, 1963. — January 31, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Pleading, Criminal,* Indictment.  *Perjury.   Oath.   Civil Service.   Depart-
ment of Public Works.   State Administrative Procedure Act.   Words,*
"Circumvention."

An indictment for perjury under G. L. c. 268, § 1, was sufficient which
charged that on or about a specified date in a proceeding in the course
of justice before the appointing authority of the Department of Public
Works, on an issue within the appointing authority's jurisdiction, the
defendant was lawfully sworn as a witness, that it was material to that
issue whether the defendant, as Director of the Division of Waterways
in the department, "had any knowledge of the circumvention of" a num-
bered standard specification of the division relative to work performed
under a definitely described contract awarded by the department, and
that "to this the . . . [defendant] did wilfully and corruptly testify
. . . that he . . . had no knowledge of such circumvention, . . . his
. . . testimony . . . being false, as he well knew"; contentions of the
defendant that the word "circumvention" was too indefinite and that
"knowledge or lack of knowledge of circumvention is not a fact, but only
an opinion regarding certain facts," were without merit.   [359–361]
In conducting a hearing under G. L. c. 31, § 43 (a), the appointing author-
ity of the Department of Public Works was an "Agency" within § 1 (2)
of the State Administrative Procedure Act, c. 30A, and was empowered
by § 12 thereof to administer oaths to witnesses; the amendment of
§ 1 (2) by St. 1959, c. 511, excluding the Division of Civil Service from
the agencies subject to the State Administrative Procedure Act, did not
exclude the hearing before the appointing authority of the Department
of Public Works from the scope of that act.   [361–362]

INDICTMENTS found and returned on November 29, 1961.

Motions to quash the indictments were reported by *Dona-
hue,* J.

*William D. Quigley,* Assistant Attorney General, for the
Commonwealth.

*George L. Rabb (Paul Levenson* with him) for the de-
fendant.

WILKINS, C.J.   The Director of the Division of Waterways in the Department of Public Works of the Commonwealth is the defendant in three indictments for perjury while testifying before the Commissioner of the department in a proceeding held pursuant to G. L. c. 31, § 43 (a) (as amended through St. 1959, c. 569, § 1).   The defendant filed motions to quash which the judge has reported, without decision, on "important questions of law," stating, "I am of the opinion that there is grave doubt as to the authority of the Commissioner of Public Works to administer an oath in a proceeding under Section 43 of Chapter 31 of the General Laws and that there is further doubt as to whether the indictments set forth an offense with the particularity, definiteness and certainty required by law."

1.   We first consider the issue of definiteness.   Each indictment names a separate contract in respect of which allegedly false testimony was given.   One indictment, typical of the others, is as follows:

"The jurors for the Commonwealth of Massachusetts on their oath present that on or about the second day of August in the year of our Lord one thousand nine hundred and sixty-one, in a proceeding in the course of justice, before Jack P. Ricciardi, Commissioner of the Department of Public Works of the Commonwealth of Massachusetts, the said Jack P. Ricciardi being the appointing authority of the said department, said proceeding being held pursuant to the provisions of Section Forty-Three, of Chapter Thirty-One, of the General Laws of the said Commonwealth, on an issue within the jurisdiction of said appointing authority, one Rodolphe G. Bessette was lawfully sworn as a witness.   Whereupon it became and was material to said issue whether the said Rodolphe G. Bessette, as Director of the Division of Waterways in the Department of Public Works of the Commonwealth of Massachusetts, had any knowledge of the circumvention of Article Sixty-Five of the Standard Specifications of the Division of Waterways relative to work performed under Contract Number 2038, awarded on the first day of June in the year of our Lord one thousand

nine hundred and sixty, by the Department of Public Works of the Commonwealth of Massachusetts to Malcolm G. Chace, the younger of that name, and Arnold B. Chace, co-partners doing business as Marine Development Co., and to this the said Rodolphe G. Bessette, did wilfully and corruptly testify and say in substance and effect that he, the said Rodolphe G. Bessette, had no knowledge of such circumvention, all of his said testimony as above set forth being false, as he well knew.''

The Commonwealth, on this issue, contents itself with stating that the indictment is in the statutory form for perjury under G. L. c. 268, § 1[1] (see G. L. c. 277, § 79), and in pointing out that this usually is sufficient as matter of criminal pleading. *Commonwealth* v. *Pentz,* 247 Mass. 500, 505, and cases cited. *Commonwealth* v. *Bracy,* 313 Mass. 121, 123. The defendant's argument goes beyond this. For one thing, he argues that ''circumvention'' has no clear definition in the context. The word ''circumvent'' has been defined in Webster's New International Dictionary (2d ed.) as ''to gain advantage over by arts, stratagem, or deception; deceive; cheat; delude; get around,'' and in *Id.* (3d ed.) as ''to overcome or avoid the intent, effect, or force of: anticipate and escape, check, or defeat by ingenuity or stratagem.'' Circumvention is nearly if not quite synonymous with fraud. 11 C. J. 769, n. 45 [a]. The indictment clearly charges an evasion of or getting around a numbered standard specification of the Division of Waterways on a definitely described contract. If further details were needed, they could be sought by a motion for a bill of particulars.[2] G. L. c. 277, § 40. *Commonwealth* v. *Donoghue,* 266 Mass. 391, 397. *Persampieri* v. *Commonwealth,* 343 Mass. 19, 22.

---

[1] ''Whoever, being lawfully required to depose the truth in a judicial proceeding or in a proceeding in a course of justice, wilfully swears or affirms falsely in a matter material to the issue or point in question, or whoever, being required by law to take an oath or affirmation, wilfully swears or affirms falsely in a matter relative to which such oath or affirmation is required, shall be guilty of perjury. . . .''

[2] The defendant filed such motions, which were heard, and findings were reserved by the judge whose report is before us.

The defendant also asserts that the ''knowledge or lack of knowledge of circumvention is not a fact, but only an opinion regarding certain facts.'' This claim falls of its own weight. The indictments charge that the defendant testified falsely that he had no knowledge of the fraudulent evasion of the specifications. See *United States* v. *Atkins,* Fed. Cas. 14,474 (D. C. Mass.), Anderson, Wharton's Criminal Law & Procedure, § 1314. See also *Commonwealth* v. *Brady,* 5 Gray, 78, 79. This reasonably means that, notwithstanding the fact that he knew that there was cheating in the performance of the work, he falsely denied that he had knowledge of it.

2. Power to administer an oath is given to the Commissioner by the State Administrative Procedure Act, G. L. c. 30A, § 12, inserted by St. 1954, c. 681, § 1, which reads in part: ''In conducting adjudicatory proceedings, agencies shall issue, vacate, modify and enforce subpoenas in accordance with the following provisions: — (1) Agencies shall have the power to issue subpoenas requiring the attendance and testimony of witnesses and the production of any evidence . . . relating to any matter in question in the proceeding. Agencies may administer oaths . . ., examine witnesses, and receive evidence. . . .'' In conducting this proceeding the Commissioner was an agency. G. L. c. 30A, § 1 (2), inserted by St. 1954, c. 681, § 1.[1] The original brief of neither party referred to c. 30A, but pursuant to request of the court made during the arguments both parties have submitted supplemental briefs.

The defendant contends that the amendment of G. L. c. 30A, § 1 (2), by St. 1959, c. 511,[2] which added the Division of Civil Service to the list of those excluded from the scope of c. 30A, had the additional effect of excluding the hearing before the appointing authority under G. L. c. 31, § 43 (a)

---

[1] '' 'Agency' includes any department, board, commission, division or authority of the state government, or subdivision of any of the foregoing, or official of the state government, authorized by law . . . to conduct adjudicatory proceedings, but does not include the following: . . ..''

[2] At the end of the definition of agency quoted in footnote, *supra,* was added as an exception, ''the division of civil service.''

(as amended through St. 1959, c. 569, § 1),[1] the decision in which is subject to affirmance or reversal by the Civil Service Commission under c. 31, § 43 (b) (as amended through St. 1948, c. 240).[2] We do not agree. There is no doubt that the hearing before the appointing authority in the case at bar was subject to c. 30A before the enactment of St. 1959, c. 511. An intent to exclude this function of the appointing authority from the provisions of the State Administrative Procedure Act cannot be inferred by a mere reference to the Division of Civil Service in the amendment.

3. The motions to quash should be denied.

*So ordered.*

---

[1] "Every person holding office . . . under permanent appointment in the official . . . service of the commonwealth . . . shall have unlimited tenure of office . . . subject to the provisions of this chapter and the rules made thereunder. He shall not be discharged, removed, suspended for a period exceeding five days, laid off, transferred from such office . . . without his consent, lowered in rank or compensation, . . . except for just cause and for reasons specifically given him in writing. Before any action affecting employment or compensation . . . the officer shall be given a full hearing before the appointing authority on the specific reason or reasons given . . . ."

[2] "If within five days after receiving written notice of the decision of the appointing authority the person so discharged, removed, suspended . . . shall so request in writing, he shall be given a hearing before a member of the commission or some disinterested person designated by the chairman of the commission. . . . [T]he findings shall be reported forthwith to the commission for action. . . . If the commission finds that the action of the appointing authority was justified, such action shall be affirmed; otherwise, it shall be reversed . . . ."