COMMONWEALTH vs. CLAUDE McCLAINE.

Suffolk.   January 7, 1975. — April 30, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Pleading, Criminal,* Indictment or complaint.   *Lewd and Lascivious Conduct.*

Where a complaint charged a defendant with "open and gross lewdness and lascivious behavior" in the exact language of G. L. c. 272, § 16, and the record of conviction disclosed precisely the same language as used in the complaint, the complaint was sufficiently detailed to apprise the defendant of the particular offense charged, and arguments that G. L. c. 272, § 53, which proscribed "lewd, wanton and lascivious persons in speech or behaviour," was unconstitutional were irrelevant. [560]

COMPLAINT received and sworn to in the Municipal Court of the City of Boston on June 30, 1973.

Upon appeal to the Superior Court, the case was heard by *Elam,* J., a judge of the Municipal Court of the City of Boston sitting under statutory authority.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*William A. Nelson (Patricia A. O'Neill* with him) for the defendant.

*Alvan Brody,* Special Assistant District Attorney (*David G. Eisenstadt,* Assistant District Attorney, with him) for the Commonwealth.

REARDON, J. A complaint was brought against the defendant alleging that on a date certain he "did then and there commit open and gross lewdness and lascivious behaviour in the presence of one Irving MacGregor." On a hearing of the complaint the defendant, having pleaded not guilty, was found guilty and sentenced to one year in a house of correction. He appealed to the Superior Court where he moved to dismiss the matter against him on the ground that "Chapter 272, Section 53 fails to define with specific particularity the proscribed

conduct and is therefore unconstitutionally vague in violation of the Massachusetts and United States Constitutions." The motion was denied. Thereafter the defendant, following trial in the Superior Court, was found guilty and was given a six-month suspended sentence in the house of correction with probation for one year.

Elaborate argument is made here that the defendant, as stated in the bill of exceptions, was charged under G. L. c. 272, § 53, which proscribes "lewd, wanton and lascivious persons in speech or behavior," and that § 53 is unconstitutionally vague. The principal briefs of both parties argue the issue of constitutionality of that section on First Amendment to the United States Constitution and other grounds. However, the record of the Municipal Court of the City of Boston discloses that the defendant was convicted of "open and gross lewdness and lascivious behaviour," the exact language of G. L. c. 272, § 16. The same language was used in the complaint. As the Commonwealth points out, it is the substance of the complaint that governs, and that is determined by the language in the body of the complaint itself. *Commonwealth* v. *Brown*, 116 Mass. 339, 340 (1874). *Commonwealth* v. *Jarrett*, 359 Mass. 491, 495-496 (1971). A complaint phrased in the statutory form, as was this complaint, is sufficiently detailed to apprise the defendant of the particular offense charged. G. L. c. 277, § 79. *Commonwealth* v. *Bloomberg*, 302 Mass. 349, 355 (1939). *Commonwealth* v. *Benjamin*, 358 Mass. 672, 676 (1971). *Commonwealth* v. *Hare*, 361 Mass. 263, 266-268 (1972).

Any further information thought necessary could have been obtained through a motion for a bill of particulars under G. L. c. 277, § 40. See G. L. c. 277, § 34; *Commonwealth* v. *Bessette*, 345 Mass. 358, 360 (1963); *Commonwealth* v. *Valleca*, 358 Mass. 242, 244 (1970). No question is raised concerning the constitutionality of G. L. c. 272, § 16. Therefore the defendant's conviction under § 16 is to be affirmed.

*So ordered.*