COMMONWEALTH *vs.* FRANK J. SEPULVEDA. November 22, 1977. The defendant Frank J. Sepulveda was found guilty of operating an unregistered motor vehicle, in violation of G. L. c. 90, § 9, and of driving an uninsured automobile, in violation of G. L. c. 90, § 34J,[1] by a District Court judge who heard the charges jury waived. See G. L. c. 218, § 27A. By a bill of exceptions, the defendant challenges the denial of his requests for findings of not guilty.

The facts are as follows. While operating a 1968 Buick Skylark, license plate number D896789, Sepulveda was involved in an automobile accident in Cambridge on April 26, 1976. The officer investigating the accident requested Sepulveda to produce the certificate of registration for the car. The registration form indicated that the car was registered in the name of another person. Sepulveda told the officer that he was the owner of the car and that he had purchased it recently from someone other than the person listed on the registration slip. Records from the Registry of Motor Vehicles indicated that on April 26, 1976, the car was registered to the person listed on the registration card and that the automobile was insured by Lumbermens Mutual Casualty Company. The registration certificate also indicated that the person to

---

[1] The defendant was also found guilty of operating a motor vehicle without a license, in violation of G. L. c. 90, § 10. The defendant did not appeal his conviction on this charge.

whom the car was registered had transferred it to the person from whom Sepulveda stated he had bought it.

The defendant argues that the District Court judge erred in denying his requests for findings of not guilty because there was insufficient evidence to support the conclusion that the automobile was not properly registered or insured. There was no error in the denial of Sepulveda's requests.

General Laws c. 90, § 2, provides in pertinent part that "[u]pon the transfer of ownership of any motor vehicle . . . its registration shall expire." General Laws c. 175, § 113A (2) A, as appearing in St. 1935, c. 296, § 1, requires that all motor vehicle liability policies in this Commonwealth must contain a provision stating in substance that "the policy shall terminate upon a sale or transfer by the owner . . . ." The certificate of registration indicated that the car had been transferred on June 18, 1975, to the person from whom Sepulveda stated he purchased it. This evidence, together with the defendant's statement that he was the owner of the car and that he had recently purchased it permitted, though it did not require, the judge to find that a transfer had occurred. See *Commonwealth* v. *Beckett, ante,* 329, 341 (1977); *Commonwealth* v. *Albano, ante,* 132, 134-135 (1977). Therefore, the automatic expiration provision of G. L. c. 90, § 2, and the automatic termination provision of G. L. c. 175, § 113A (2) A, were applicable. General Laws c. 90, § 2, and G. L. c. 175, § 113A, both provide a two-day grace period before the automatic expiration provision of each section is operative. The applicability of the two-day grace period provisions was not argued before the trial judge, and thus this issue is not properly before us. *Commonwealth* v. *Lewis,* 346 Mass. 373, 383 (1963), cert. denied, 376 U.S. 933 (1964). However, we note that the evidence could permit a finding that the grace periods had elapsed before April 26, 1976. See *Commonwealth* v. *Brady,* 370 Mass. 630 (1976).

At the oral argument and in a supplemental brief, the defendant contended that the failure of the prior owner to comply with the provisions of G. L. c. 90D, § 15, which prescribes certain formalities which are to be completed before a transfer is effective, precluded the judge from concluding that a transfer of the car had occurred. The bill of exceptions does not indicate that the applicability of G. L. c. 90D, §15, was raised in the trial court. This argument, therefore, is also not properly before us. *Commonwealth* v. *Lewis, supra* at 383. We observe, however, that whatever effect noncompliance with G. L. c. 90D, § 15, may have on the legal relations of those concerned with the motor vehicle, it is clear that the failure of prior owners to comply with G. L. c. 90D, § 15, was not intended to be available to a subsequent owner as a defense to the criminal charges of failing properly to register and insure the vehicle.

*Exceptions overruled.*

*Robert W. Hagopian* for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the Commonwealth.