COMMONWEALTH *vs.* HAROLD L. JEFFERSON.

Suffolk. February 7, 1979. — April 3, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Narcotic Drugs. Practice, Criminal,* Presumptions and burden of proof; Exceptions: failure to save exception.

A defendant charged with unlawful possession of hypodermic needles and syringes under G. L. c. 94C, § 27, has the burden to come forward with evidence in justification of his possession. [718-719]

INDICTMENTS found and returned in the Superior Court on September 15, 1975.

The cases were tried before *Adams,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*John Leubsdorf* for the defendant.

*Clyde R. W. Garrigan,* Special Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted of unlawful possession of methadone, a class B controlled substance

(G. L. c. 94C, §§ 31, 34), and given a two-year sentence to a house of correction. He was also convicted of unlawful possession of hypodermic needles and syringes (G. L. c. 94C, § 27) and given a one-year concurrent sentence. The convictions were affirmed by the Appeals Court. *Commonwealth* v. *Jefferson*, 6 Mass. App. Ct. 906 (1978). In that court, he challenged both of his convictions on the ground that he was denied his right to a speedy trial. The Appeals Court rejected that argument, as well as his argument that the judge improperly placed a burden on the defendant of proving his possession of hypodermic needles and syringes was lawful.[1] The defendant sought further appellate review only on the latter issue. We granted that request to consider the burden, if any, on a defendant in a case where the evidence warrants a finding of possession of a hypodermic needle or syringe. The defendant has not pressed the speedy trial question before this court, and without further comment, we accept the Appeals Court's conclusion on this issue. We affirm the conviction for possession of hypodermic needles and syringes.

The Commonwealth's evidence tended to show that the defendant had hypodermic needles and syringes in his possession. The defense called no witnesses and introduced no evidence related to any of the exceptions in G. L. c. 94C, § 27, which make possession of such instruments lawful. The judge charged the jury that, if they found that the defendant had possession of the needles and syringes, "then it is incumbent upon the defendant to show that his possession" was lawful. The defendant, who represented himself at trial, with the assistance of counsel other than his appellate counsel, did not object or except to the charge, nor did he request any instructions

---

[1] General Laws c. 94C, § 27, contains various statutory exemptions allowing possession of such items by certain persons, e.g., physicians, dentists, nurses, embalmers and pharmacists; students in schools training people in certain professions; and a person who has a properly labeled instrument issued pursuant to a physician's prescription.

concerning the burden of proof on the statutory exemptions. In the absence of any objection or exception, there is no question before the court. See *Commonwealth* v. *Little,* 376 Mass. 233, 237 (1978). We consider the case only pursuant to our power to set aside a verdict to prevent a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Fields,* 371 Mass. 274, 277-278 (1976). Because the defendant was sentenced to a longer, concurrent term for his possession of methadone, there would be no substantial miscarriage of justice in permitting his conviction for possession of hypodermic needles and syringes to stand.

We comment on the appropriate burdens which exist in a prosecution under G. L. c. 94C, § 27. Under G. L. c. 278, § 7, "[a] defendant in a criminal prosecution, relying for his justification upon a license ... or authority, shall prove the same; and, until so proved, the presumption shall be that he is not so authorized." In *Commonwealth* v. *Jones,* 373 Mass. 403 (1977), involving the carrying of a firearm, we indicated that, under G. L. c. 278, § 7, the burden is on a defendant to come forward with evidence of his license to carry a firearm; that, if he does, "the burden is on the prosecution to persuade the trier of facts beyond a reasonable doubt that the defense does not exist"; and that, if he does not, there is no jury issue as to licensing or authority. *Id.* at 406.

The same principles apply to a prosecution under G. L. c. 94C, § 27. The "authority" which the defendant must show extends beyond a license or other governmentally issued permission. It includes, for example, the "authority" to possess a hypodermic needle which may arise from the defendant's status as a student in a school described in the statute or which may arise because the defendant is a patient who has a written prescription from a physician. Placing on the Commonwealth the burden of disproving each of the numerous exemptions under G. L. c. 94C, § 27, would make successful prosecutions under the statute virtually impossible. See *Commonwealth* v.

*Jones, supra* at 408. For the reasons expressed in the
*Jones* case, we perceive no constitutional problem in plac-
ing on the defendant the burden of coming forward with
evidence of his justification. *Id.* at 407-409. See also *Pat-
terson* v. *New York,* 432 U.S. 197, 201-202 (1977).

Although the judge did not refer explicitly to the de-
fendant's burden as limited to coming forward with evi-
dence in justification of his possession of the needles and
syringes, his charge properly removed justification from
the jury's consideration, where there was no evidence
bearing on that issue.

*Judgments of the
Superior Court affirmed.*