COMMONWEALTH *vs*. PEDRO MUNOZ.

Worcester.   November 3, 1980. — December 15, 1980.

Present: GRANT, CUTTER, & GREANEY, JJ.

*Pleading, Criminal,* Complaint.  *Evidence,* Burden of going forward,
  Presumptions and burden of proof.  *Narcotic Drugs.  Motor Vehicle,*
  Insurance.

A complaint which stated that a defendant "did knowingly possess with
  intent to distribute a controlled substance, namely marijuana, a
  Class D substance, [in violation of] G. L. c. 94C, § 32," and which
  was subsequently amended by striking the words "with intent to
  distribute," thereby reducing the charge to one of unauthorized posses-
  sion of a controlled substance under c. 94C, § 34, was sufficient.
  [31-33]
At the trial of a defendant charged with operating an uninsured motor
  vehicle in violation of G. L. c. 90, § 34J, the judge's use in his instruc-
  tions of language linking the defendant's burden of producing af-
  firmative evidence of insurance to a shift in the "presumption" did not,
  in the context of the entire charge, constitute an impermissible shift of
  the burden of proof to the defendant or an invasion of the fact-finding
  function of the jury.  [33-39]


COMPLAINTS received and sworn to in the Leominster
Division of the District Court Department on July 13, 1979,
and July 30, 1979, respectively.

On appeal to the jury session of the Central Worcester
Division of the District Court Department, the cases were
tried before *Gelinas,* J.

*Milly Whatley* for the defendant.

*Lynn Morrill Turcotte,* Assistant District Attorney, for
the Commonwealth.

GREANEY, J.  The defendant was convicted by a jury of six
in a District Court on complaints charging him with unau-
thorized possession of a controlled substance (G. L. c. 94C)

and operating an uninsured motor vehicle (G. L. c. 90, § 34J). On this appeal, he raises questions as to: (1) the adequacy of the controlled substances complaint to state a crime and (2) the propriety of the trial judge's instructions to the jury with reference to the uninsured motor vehicle complaint.

1. *Sufficiency of the G. L. c. 94C complaint.* The complaint charging the defendant with a violation of the Controlled Substances Act was originally framed under G. L. c. 94C, § 32, and stated in pertinent part that the defendant "did knowingly possess with intent to distribute a controlled substance, namely marijuana, a Class D substance [in violation of] G. L. c. 94C, § 32 . . . ." This complaint was amended prior to the jury trial. The amendment effectively struck the words "with intent to distribute" from the complaint, thereby reducing the charge to one of unauthorized possession of a controlled substance under G. L. c. 94C, § 34.[1] The defendant maintains that his motion to dismiss the amended complaint should have been allowed because the complaint failed: (a) to allege that his conduct was "unlawful" and (b) to negative the exception contained in the first paragraph of § 34, which authorizes possession of a controlled substance "obtained directly, or pursuant to a valid prescription or order, from a practitioner while acting in the course of his professional practice . . . ."

The test of the sufficiency of a complaint is whether it "fully and plainly, substantially and formally" describes the crime or offense for which the defendant is held to answer. Art. 12 of the Declaration of Rights of the Massachusetts Constitution. See *Commonwealth* v. *Welansky,* 316 Mass. 383, 395-396 (1944). When this complaint was drafted, the rules of criminal procedure required that the complaint contain "a plain, concise description of the act which consti-

---

[1] It appears that the amendment was made on September 24, 1979, the date of the defendant's bench trial. On that date, the words, "[a]mended to possession of Class D substance" were written into the body of the complaint and onto its jacket, and the words "w[ith] int[ent to] distribute" were struck from the jacket.

tutes the crime or an appropriate legal term descriptive thereof." Mass.R.Crim.P. 4(a), 378 Mass. 849 (1979). It is settled that a complaint may use the words of a statute to charge a crime (*Commonwealth* v. *Bracy,* 313 Mass. 121, 123 [1943]); and one that does follow the relevant statutory language is generally sufficient. *Commonwealth* v. *Gill,* 5 Mass. App. Ct. 337, 339 (1977). Smith, Criminal Law and Procedure § 364 (1970).

The original complaint substantially tracked the language contained in the first sentence of G. L. c. 94C, § 32, to charge the defendant with knowing possession of a controlled substance with intent to distribute. Although it is not required that the complaint cite the statute, the original complaint expressly referred to the fact that it had been framed under § 32. Additionally, it set out the time and place of the offense and described the substance involved. It was not necessary for the complaint to follow the form set forth in G. L. c. 277, § 79. See G. L. c. 277, § 33. We hold that the original complaint conformed to the requirements of Rule 4 of the Massachusetts Rules of Criminal Procedure and that it was free of material error. See *Commonwealth* v. *Bacon,* 374 Mass. 358, 360 (1978).

The subsequent amendment to the complaint served to reduce the gravity of the offense. It has long been settled that a person can be complained of for a particular crime and convicted of a lesser included crime under the same complaint. See *Commonwealth* v. *Roby,* 12 Pick. 496, 500, 503 (1832). Thus, the practical effect of the action taken on the date of the defendant's bench trial (see note 1, *supra*) was to permit his conviction of so much of the original complaint as charged possession of marihuana. We are satisfied that the amendment was proper, and that at all material stages of the proceedings "the defendant had sufficient notice of the nature of the charges against him." *Commonwealth* v. *Comins,* 371 Mass. 222, 225 (1976), cert. denied, 430 U.S. 946 (1977). See also G. L. c. 277, § 34; *Commonwealth* v. *Gill, supra* at 341-342; Note, Streamlining the Indictment, 53 Harv. L. Rev. 122 (1939).

There also was no need for the complaint as amended to have included language negativing the exception contained in § 34 for lawful possession pursuant to a valid prescription or order. The defendant's contentions on this point are answered by the provisions of G. L. c. 277, § 37, and by the fact that the amendment resulted from a reduction in the charge. See G. L. c. 277, § 79. Cf. *Commonwealth* v. *Renfrew*, 332 Mass. 492, 493-494 (1955); *Couture* v. *Commonwealth*, 338 Mass. 31, 32 n.1 (1958); *Commonwealth* v. *David*, 365 Mass. 47, 55 (1974).

2. *Burdens in a prosecution under G. L. c. 90, § 34J.* The Commonwealth introduced evidence on this complaint that the defendant had been observed on July 12, 1979, operating a 1972 brown Pontiac automobile on a public way. When asked for his proof of registration and insurance, the defendant produced a title certificate for the Pontiac in the name of a third person and an application for transfer of registration for a 1967 Mercury automobile apparently registered in his name. The title certificate for the Pontiac had not been completed to indicate a proper transfer of the vehicle, even though a bank lien on the car had been released six days prior to the incident. A bill of sale for the Pontiac was not produced. Copies of the application for transfer of registration on the Mercury and the title certificate for the Pontiac were introduced as exhibits by the Commonwealth. The defendant called no witnesses and introduced no evidence to indicate that the Pontiac had been properly insured.

The judge charged the jury with respect to this offense in the following language:

"[H]ere the Commonwealth is required to prove two things to you. First, that the defendant operated a motor vehicle. Secondly, that the motor vehicle was operated on a public way or on a way to which the public had a right of access or had access by way of being an invitee or licensee. Then the Commonwealth also has to allege that the vehicle was uninsured. And

here is where the presumption that I have indicated to you before stands in favor of the defendant. It changes a little bit.

"Once the Commonwealth has shown that there was operation of the motor vehicle and that the operation took place on a public way or a way to which the public had a right of access, then if they further allege that the motor vehicle was uninsured, the defendant has the responsibility and obligation of showing that, as a matter of fact, it was insured. And that presumption that we talked about shifts a little bit. It shifts because it is very difficult to show that something does not exist . . . .

"Now, those are basically the elements of the case that you have to weigh. You have to first, find the facts, then you have to find whether those facts as you found them when applied to the law of the case as I have instructed you on the law, require that you find the defendant guilty or do not meet the level of proof required by the Commonwealth and, therefore find the defendant not guilty."

The defendant registered a timely objection to this portion of the charge and now contends that the instructions resulted in an impermissible shift to the defendant of the burden of proof of an element of the crime and an invasion of the fact-finding function of the jury.

Under G. L. c. 278, § 7, "[a] defendant in a criminal prosecution, relying for his justification upon a license . . . or authority, shall prove the same; and, until so proved, the presumption shall be that he is not so authorized." The history and interpretation of this statute (a part of our law since 1859) was extensively discussed in *Commonwealth* v. *Jones*, 372 Mass. 403, 405-406 (1977). The statute recognizes the propriety, under certain circumstances, of shifting the burden of producing evidence to the defendant as to relevant facts tending to establish justification for his con-

duct when those facts are peculiarly within the defendant's control. 1 Torcia, Wharton's Criminal Evidence § 14, at 21 (13th ed. 1972), and cases cited. See also Model Penal Code § 1.12(2)(a), (3)(c) (1962). "Such a shift may be proper if there is a 'manifest disparity in convenience of proof and opportunity for knowledge as, for instance, where a general prohibition is applicable to everyone who is unable to bring himself within the range of an exception'." *Commonwealth* v. *Jones, supra* at 408, quoting from *Morrison* v. *California,* 291 U.S. 82, 91 (1934). It is important to note, however, that G. L. c. 278, § 7, does not alter the prosecution's ultimate burden of establishing beyond a reasonable doubt every fact necessary to constitute the crime with which the defendant is charged. See *In re Winship,* 397 U.S. 358, 364 (1970); *Mullaney* v. *Wilbur,* 421 U.S. 684, 702-703 n.31 (1975). Rather, the statute, when applicable, operates to relieve the prosecution from "adduc[ing] positive evidence to support a negative averment the truth of which is fairly indicated by established circumstances and which if untrue could be easily disproved by the production of documents or other evidence probably within the defendant's possession or control." *Rossi* v. *United States,* 289 U.S. 89, 91-92 (1933). *United States* v. *Fleischman,* 339 U.S. 349, 360-361 (1950). See also *Mullaney* v. *Wilbur, supra* at 702 n.31.

Certain due process considerations also reflect on the burden shifting concept embodied in the statute. "[I]t is normally 'within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion,' and its decision in this regard is not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental'." *Patterson* v. *New York,* 432 U.S. 197, 201-202 (1977), quoting from *Speiser* v. *Randall,* 357 U.S. 513, 523 (1958). See *Snyder* v. *Massachusetts,* 291 U.S. 97, 105 (1934). Whether a rapprochement can be forged in a given case between the

requirements of due process and a shift in the production burden is essentially dependent upon a rule of "reason and fairness" the limits of which were stated by Mr. Justice Cardozo in *Morrison* v. *California, supra* at 88-89 in these terms: "The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression." Recently in *Commonwealth* v. *Jones, supra,* a case involving the unlawful carrying of a firearm under G. L. c. 269, § 10(*a*), the Supreme Judicial Court applied these principles and indicated that the burden is on a defendant to come forward with evidence of his license to carry a firearm; that, if he does, "the burden is on the prosecution to persuade the trier of facts beyond a reasonable doubt that the defense does not exist"; and that, if the defendant does not, there is no jury issue as to licensing or authority. *Id.* at 406. Likewise, in *Commonwealth* v. *Jefferson,* 377 Mass. 716 (1979), a prosecution under G. L. c. 94C, § 27, for unlawful possession of hypodermic needles and syringes, the Supreme Judicial Court held it to be appropriate under G. L. c. 278, § 7, and constitutional principles, to impose the burden of producing evidence of justification to possess the contraband on the defendant even though "[t]he 'authority' which the defendant must show extends beyond a license or other governmentally issued permission." *Id.* at 718.

In our opinion, the considerations stated in these decisions generally, and in the *Jones* and *Jefferson* cases particularly, apply to a prosecution under G. L. c. 90, § 34J. It is within the police power of the State to require compulsory insurance on motor vehicles to protect the general public. *Opinion of the Justices,* 251 Mass. 569, 596-598 (1925). *Pinnick* v. *Cleary,* 360 Mass. 1, 24-31 (1971). The provisions for such insurance, together with requirements that motor vehicles be registered, that their operators be licensed, and

that the vehicles and drivers comply with a myriad of other regulatory obligations imposed by G. L. cc. 89 and 90 (generally under threat of criminal sanction), impose prerequisites to the lawful operation of vehicles owned by Massachusetts residents. In a broad sense, the compulsory insurance requirements prohibit operation of an uninsured vehicle and excuse from that restraint owners and operators of vehicles who have complied with the statute. We do not think that any onerous burden or special element of unfairness in the constitutional sense is imposed on a Massachusetts defendant in § 34J prosecution if he is required to come forward with evidence that he possesses a compulsory motor vehicle liability bond or policy as specified by G. L. c. 90, §§ 34A and 34B, or with evidence that he has made a deposit in lieu of a bond or policy as permitted by G. L. c. 90, § 34D. Typically, such proof can be adduced through a valid registration (see G. L. c. 90, § 11), title certificate, or application for title certificate bearing the stamped endorsement of the insurance company, through production of the policy itself, or, under appropriate circumstances, by a letter from the insurer's agent that the required coverage is in effect. Production of such evidence is a relatively simple task and will not impinge on the defendant's privilege against self-incriminaiion (see *Barnes* v. *United States,* 412 U.S. 837, 846-847 [1973]; *Commonwealth* v. *Pauley,* 368 Mass. 286, 297-299 [1975]), nor will it cause the defendant to lose his presumption of innocence. On the other hand, it would be difficult for the prosecution to search the records of numerous private corporations for evidence that the defendant has insurance. If the defendant produces evidence of insurance, the prosecution must still persuade the trier of facts beyond a reasonable doubt that the defense does not exist.

Under the foregoing analysis, the judge's charge was proper. The instructions admittedly departed from the recommended model contained in instruction 5.11 of the Model Jury Instructions of the District Court (1980) ("operating without insurance") by linking the burden of produc-

tion to a shift in the "presumption." The use of the words "presume" or "presumption" in jury instructions is not encouraged (*Commonwealth* v. *Jones, supra* at 410), and the sounder practice would have been for the judge to have followed the prototype literally. But considered as a whole, the charge cannot be taken as having directed a verdict against the defendant (*United States* v. *Martin Linen Supply Co.*, 430 U.S. 564, 572-573 [1977]) or as having vitiated the presumption of innocence. Nor did the judge "invade the province of the jury by undertaking to decide on the weight or effect of the evidence . . . ." *Commonwealth* v. *Cote*, 5 Mass. App. Ct. 365, 370 (1977). In essence, based on evidence of questionable title documents and no evidence that the defendant fell within any applicable grace period (see G. L. c. 90, § 2; c. 175, § 113A; *Commonwealth* v. *Sepulveda*, 373 Mass. 862, 863 [1977]), the charge told the jury that the prosecution had alleged the absence of insurance and that the defendant had the initial responsibility of showing that the Pontiac was insured.[2] We are satisfied that the instructions fairly presented this aspect of the case to the jury. *Commonwealth* v. *Jones, supra* at 410. *Commonwealth* v. *Jefferson, supra* at 719.

Our conclusion is not altered by the provisions of G. L. c. 90, § 34I. That statute (which was neither discussed with the judge at the trial[3] nor raised on appeal) requires the

---

[2] The instructions also specifically related the defendant's obligation to the question of proof. The judge remarked: "The defendant has no burden. He does not have to take the stand. He does not have to prove anything to you. The whole of the proof is left to the Commonwealth . . . with an exception [for insurance] which I will explain to you in a little while." In context, we think the jury's attention properly focused on the relevant standards notwithstanding the reference to the "presumption."

[3] A request for a jury instruction by defense counsel that G. L. c. 90, § 2, "sets out the time limits during which old plates may be used in a newly acquired vehicle" was endorsed by the judge as "denied absent evidence with respect to compliance with [the] statutory provision." A request for an instruction that the Commonwealth bore the burden of establishing guilt on the § 34J offense beyond a reasonable doubt was allowed. In colloquy prior to the charge, defense counsel described the procedures

Registrar of Motor Vehicles "upon the request of any person, [to] furnish the name of the insurance or surety company issuing the policy or executing as surety the bond covering any particular motor vehicle . . . . " See generally *Lord* v. *Registrar of Motor Vehicles,* 347 Mass. 608, 611 (1964). This statute was probably enacted to provide a public source of reference for civil litigants to determine the identity of an insurer after an accident when an exchange of papers at the scene proved unsatisfactory. Cf. *Lord* v. *Registrar of Motor Vehicles, supra* at 612. Furthermore, no statutory provision has been made for the introduction in evidence of a communication obtained under the statute from the Registrar pertaining to insurance. By contrast, such provision has been made by the second paragraph of G. L. c. 90, § 23, for the admission of a certificate from the Registrar concerning revocation of a license or registration. In any event, inquiry under the statute would have added nothing in this case to what was already known, i.e., that the Pontiac was registered to someone other than the defendant. We do not think that the prosecution was required to make inquiry of the Registrar before tendering the evidence it had and relying on G. L. c. 278, § 7, for the balance of its proof.

*Judgments affirmed.*

---

for transferring registration as a "very muddled area." No reference to § 34I was contained in the defendant's requests for jury instructions, nor was the statute mentioned when objection was made to the quoted instructions. See generally, Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979).