NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3474
_____

GLOBAL ENERGY CONSULTANTS, LLC,
Appellant

v.

HOLTEC INTERNATIONAL, INC.;
HOLTEC MANUFACTURING DIVISION, INC.,

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 2:08-05827)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2012
_____

Before: HARDIMAN, GREENAWAY, JR., and GREENBERG, *Circuit Judge*s

(Opinion Filed: May 2, 2012)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Global Energy Consultants, LLC ("Global") filed suit against Holtec

International, Inc. and Holtec Manufacturing Division, Inc. (collectively, "Holtec")

1

alleging that Holtec had breached the terms of its agreement with Global. Specifically, Global alleged that Holtec had "circumvented" it by excluding Global from its dealings with certain business contracts despite a provision in the agreement prohibiting circumvention by either party. The parties conducted discovery. Global voluntarily dismissed its breach of oral contract claim and its breach of confidentiality provision claim. Both parties sought summary judgment on the remaining claim—breach of the non-circumvention provision. The District Court granted Holtec"s motion for partial summary judgment. Global filed a timely appeal.

Because we agree with the District Court that "circumvent" is an indefinite term and that the non-circumvention provision is therefore unenforceable, we will affirm the decision of the District Court.

## I. BACKGROUND

We write primarily for the benefit of the parties and therefore recount only the essential facts.

In September 2001, Global approached Holtec about joining a team that Global was putting together to pursue European business opportunities related to spent nuclear fuel storage. Before it would reveal the details of those projects, Global required Holtec to sign a "Confidentiality and Non-Circumventure Agreement" (the "Agreement"), which it did. The two-page Agreement acknowledges that the course of business between the parties will involve the provision of non-public information by both parties and limits the circumstances in which that information can be disclosed to third parties.

The paragraph at issue in this appeal states:

> Each party acknowledges that Holtec and [Global] may be in similar businesses, and are not constrained by this Agreement with respect to other business activities except solely to the extent of the express prohibitions contained herein. Each party further agrees to not circumvent the other party, or to circumvent the other party to the other party"s clients without prior written authorization.

(the "non-circumvention provision.") The Agreement also contains an integration clause and a provision stating that the Agreement is governed by Massachusetts law.

After the Agreement was executed, Global informed Holtec that it was working on a plan to establish an international spent nuclear fuel storage facility, with particular interest from Lithuania, Ukraine, and Kazakhstan. This plan did not ultimately materialize, but Global pursued a number of opportunities with the team it had assembled.

In 2003, Global coordinated meetings with the governmental authority overseeing nuclear power in Ukraine, Energoatom, and with a Swiss utility company, now known as NOK. Holtec was involved in both meetings. In February 2004, Holtec informed Global that it intended to pursue opportunities with both entities without Global"s involvement. Holtec subsequently secured contracts with both entities, and Global received no commission on those contracts.

Global filed suit in December 2008, alleging that, with these actions, Holtec circumvented it, thus breaching the terms of the Agreement. Global sought a constructive trust on proceeds from the contracts as well as damages and a declaration concerning Global"s interest in future contracts between Holtec and Energoatom and NOK.

Holtec sought partial summary judgment in four separate motions.  The District

Court granted Holtec's motion for partial summary judgment on the ground that the

Agreement was unenforceable.  It found that the term "circumvent" in the non-

circumvention provision was indefinite.  Global voluntarily dismissed the remaining

claims.  Hence, the District Court entered judgment in favor of Holtec.  Global filed a

timely appeal.

## II. <u>JURISDICTION AND STANDARD OF REVIEW</u>

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 2255.

This Court has appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

We review the District Court's order granting summary judgment de novo.  *Azur*

*v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010).  Summary judgment

is appropriate "where the pleadings, depositions, answers to interrogatories, admissions,

and affidavits show there is no genuine issue of material fact and that the moving party is

entitled to judgment as a matter of law."  *Id.* at 216 (quoting *Nicini v. Morra*, 212 F.3d

798, 805-06 (3d Cir. 2000) (en banc) (citing Fed. R. Civ. P. 56(c))).[1]

---

[1] Fed. R. Civ. P. 56 was revised in 2010.  The standard previously set forth in subsection (c) is now codified as subsection (a).  The language of this subsection is unchanged, except "one word — genuine „issue" bec[ame] genuine „dispute.'"  Fed. R. Civ. P. 56 advisory committee's note, 2010 amend.

4

### III.  ANALYSIS

Global asks this Court to find that the non-circumvention provision was not indefinite and that the District Court's ruling was therefore in error.

As the District Court noted, "[i]t is axiomatic that to create an enforceable contract, there must be agreement between the parties on the material terms of that contract." *Situation Mgmt. Sys., Inc. v. Malouf, Inc.*, 724 N.E.2d 699, 703 (Mass. 2000).[2] Nonetheless, "[i]t is not required that all terms of the agreement be precisely specified." *Id.* In the seminal case on this subject, the Massachusetts Supreme Court stated:

> A contract is not to be struck down because one of its material provisions is stated in broad and general terms if, when applied to the transaction and construed in the light of the attending circumstances, the meaning to be attributed to it can be interpreted with reasonable certainty so that the rights and obligations of the parties can be fixed and determined.

*Cygan v. Megathlin*, 96 N.E.2d 702, 703 (Mass. 1951).  Indeed, Massachusetts courts "construe the contract with reference to the situation of the parties when they made it and to the objects sought to be accomplished." *Shea v. Bay State Gas Co.*, 418 N.E.2d 597, 600 (Mass. 1981) (citation and internal marks omitted).  Massachusetts is "slow to turn a plaintiff out of court for the reason that the promise given and relied on was so vague that it can be given no effect.  To have that result, indefiniteness must reach the point where construction becomes futile." *Caggiano v. Marchegiano*, 99 N.E.2d 861, 864 (Mass. 1951) (citation and internal marks omitted).

---

[2] Based on the contract between the parties, we apply Massachusetts law.

The District Court, considering this case law, found that the term "circumvent" was so indefinite as to render the Agreement unenforceable. It noted that the Agreement provided no definition or examples of circumvention. It further found that the term did not independently have a clear meaning. Finally, it observed that Global itself had, during the course of the litigation, provided various and conflicting definitions of "circumvent": while its discovery responses showed that Global believed communications with a third party in pursuit of European spent nuclear fuel options to be circumvention, when Holtec moved for summary judgment on statute of limitations grounds, Global''s response asserted that direct contacts and negotiations could not be considered circumvention.

Global attempts to argue that circumvention has a clear meaning under Massachusetts law, but it concedes that no Massachusetts contract cases are reported construing the term. Although Global provides citations to various Masschusetts cases defining or employing the term, in these cases, a regulation or legal rule provides a specific requirement that a litigant has allegedly circumvented. *See, e.g.*, *Manousos v. Sarkis*, 416 N.E.2d 179, 182 (Mass. 1981) (circumvention of rule of nonappealability); *Little v. Rosenthal*, 382 N.E.2d 1037 (Mass. 1978) (circumvention of medical malpractice screening tribunal); *Commonwealth v. Bessette*, 187 N.E.2d 810, 811 (Mass. 1963) (circumvention of regulated contract specifications). No such specificity exists in the

6

Agreement,[3] and none can be inferred from the context of the parties" relationship at the time that they entered the Agreement.

The indefinite nature of the term, as used in the Agreement, is underscored by Global"s changing position during the course of litigation. *See Allen & Co. v. Occidental Petroleum Corp.*, 382 F. Supp. 1052, 1059 (S.D.N.Y. 1974) (finding that existence of multiple definitions of contract phrase "underscore[s] that the agreement alleged by plaintiff, the enforceability of which plaintiff has the burden of proving, is indefinite"). During most of discovery, Global suggested that any communications with a third party in pursuit of European spent nuclear fuel options would constitute circumvention and therefore violate the Agreement. Later, in order to avoid Holtec"s statute of limitations defense, it suggested that Holtec"s initial contacts with third parties did not constitute circumvention. While Global is correct that the statements of its president during deposition are not admissible as legal conclusions, its briefing and interrogatory responses also asserted that discussion and communication with third parties, prior to the signing of any contracts, constitute circumvention. That changed once the statute of limitations issue was raised.

---

[3] This absence of specificity distinguishes the non-circumvention provision at issue here from those that Appellant relies on in *Cura Fin. Servs. v. Elec. Payment Exch., Inc.*, No. 18278, 2001 WL 1334188 (Del. Ch. Oct. 22, 2001) and *Eden Hannon & Co. v. Sumitomo Trust & Banking Co.*, 914 F.2d 556 (4th Cir. 1990), each of which provided more detail as to what actions would constitute circumvention. The provision here, devoid of any specific referent, is more akin to that discussed in *Consumer Incentive Servs. v. Memberworks Inc.*, No. CV990362655, 2003 WL 23025623 (Conn. Super. Ct. Dec. 8, 2003), which the Connecticut Superior Court found to be too ambiguous to be enforceable.

These facts highlight the degree to which no precise definition of circumvention is obvious from the face of the Agreement or from the course of dealings between the parties, thereby rendering the non-circumvention provision unenforceable.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, we will affirm the orders of the District Court.